CURTIS CRAIG v. THE STATE.

No. 1102.    Decided April 5, 1911.

Rehearing Denied May 10, 1911.

**1.—Local Option—Recognizance—Dismissal—Reinstatement.**

Where the appeal is dismissed for want of a sufficient recognizance, and thereafter a sufficient recognizance was presented and filed in the Appellate Court, the case was reinstated.

**2.—Same—Verdict—Informalities—Words and Phrases.**

Where, upon trial of a violation of the local option law, the verdict found defendant guilty as charged in the indictment, assessing his punishment at a fine of $25 and twenty days confinement in the county jail, the fact that he was tried on an information and that the verdict omitted the word "confinement" would not vitiate the verdict, as it was sufficiently intelligible to form the basis of the judgment.

**3.—Same—Sufficiency of the Evidence—Identity.**

Where, upon trial of a violation of the local option law, the defendant was sufficiently identified, and the sale of the whisky established by the evidence, the conviction will not be disturbed.

Appeal from the County Court of Sabine. Tried below before the Hon. J. H. McGown.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Goodrich & Lewis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—On motion of the Assistant-Attorney General this case must be dismissed, because the recognizance is not in the form required by our statute. The recognizance copied into the record is fatally defective in several respects. It is in the nature of a bond, and not in the form of a recognizance, and recites that appellant stands charged with the offense of "unlawfully selling intoxicating liquors as is charged in the information duly presented and pending against him in the above entitled and numbered cause shall well and truly make his personal appearance before the County Court of Sabine County, Texas, before the next regular term of this court, to be holden within and for the county of Sabine, at the court-house in Hemphill, on the 3d Monday in February, A. D. 1911, and then and there to remain from term to term and from day to day to abide the action of the Court of Criminal Appeals."

It will be noticed that this does not follow the language of the statute. It does not set out that appellant was convicted of a misdemeanor, nor does it set out the punishment assessed against him. The statute has prescribed the form for recognizance, and a recognizance not in accord with that form has been held at all times to be insufficient. This appeal bond or recognizance, or whatever it may be termed, is signed by the principal and sureties. So it will be observed by a comparison of the instrument with the statutory form that it does not comply with the terms of the law.

The motion is well taken, and the appeal is dismissed.

*Dismissed.*

ON REHEARING.

May 10, 1911.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term the appeal herein was dismissed for want of a sufficient recognizance. A sufficient recognizance has been supplied under the terms of the statute, and the case will now be reinstated and considered on its merits.

Appellant insists that the verdict as returned by the jury is insufficient to support the judgment. The verdict reads as follows: "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at a fine of $25 and twenty days in jail. B,

R. Payne, Foreman." The objection is that the verdict finds the defendant guilty as charged in "the indictment," whereas there was no indictment in the case, appellant being tried upon a complaint and information; and also because the verdict assessed appellant's punishment at a fine of $25 and twenty days in jail, and because the verdict omits the word "confinement" in connection with the twenty days in jail. We are of opinion there is no merit in any of these matters. The verdict is sufficiently intelligible, and the insertion of the words "the indictment" will not affect the verdict one way or the other. The verdict would have been good without this. Nor do we think the fact that appellant was tried upon an information and the jury specified in the verdict "as charged in the indictment" would make any difference. We are not cited to any authority to support the contention. We understand the rule to be that if the verdict is sufficiently plain and intelligible to form the basis of the judgment, that informalities would not vitiate the verdict. Nor does the omission of the word "confinement," in regard to the twenty days in jail, make any difference. The jury found as part of his punishment twenty days in jail. The addition of the word "confinement" or its omission would make practically no difference. The jury allots appellant twenty days in jail. That is sufficient to authorize the placing of appellant in jail for that length of time.

Appellant also urges the insufficiency of the evidence to support the conviction. It was an issue before the jury as to whether appellant was the party who sold the whisky. One of the witnesses identified him as being the man who was present at the camp where the whisky was sold; saw him walk off with the purchaser who bought the whisky from him a moment or two after they left the place where this witness was sitting. He says he had known appellant practically all his life and was not mistaken about his identity; that he sat and talked with him. The other witness says appellant was the same party to whom he and the other witness were talking, when he walked away from the camp fire and in a few steps purchased a bottle of whisky from him. While he does not swear positively to the identity of appellant on account of the fact that they were strangers to each other, yet he does say that he thinks he is the man, and seems to be fairly certain of the fact that appellant is the man. This testimony taken in connection with the witness who positively identifies him, we think, is sufficient to authorize the jury to find that appellant was the man who sold the whisky. Appellant denies it. This raised the issue before the jury, and under such circumstances this court would not feel justified in reversing the judgment for want of sufficient evidence to identify appellant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*