**SHACKELFORD v. STATE.** (No. 9511.)

(Court of Criminal Appeals of Texas. Nov. 18, 1925.)

Criminal law ⟨⟩992—Judgment entered by court, imposing punishment different from that fixed by jury, held unauthorized.

In prosecution for arson, under Pen. Code 1911, art. 1210, as amended by Acts 35th Leg. (1917) c. 145, § 1 (Vernon's Ann. Pen. Code Supp. 1918, art. 1210), which reduced the minimum punishment, where jury, under erroneous instruction, fixed accused's punishment at five years, judgment imposing a sentence of two years was not authorized, but new trial should have been granted under Vernon's Ann. Code Cr. Proc. 1916, art. 837, subd. 2 (Code Cr. Proc. 1925, art. 753), in view of Code Cr. Proc. 1911, art. 21; Vernon's Ann. Code Cr. Proc. 1916, art. 770 (Code Cr. Proc. 1925, art. 693); Vernon's Ann. Code Cr. Proc. 1916, art. 853, § 10 (Code Cr. Proc. 1925, art. 766).

Appeal from District Court, Oldham County; Reese Tatum, Judge.

R. L. Shackelford was convicted of arson, and he appeals. Reversed and remanded.

O. D. Thompson and A. M. Mood, all of Amarillo, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Appellant is under conviction for the offense of arson.

Article 1210, P. C. (Revision of 1911), fixed the punishment for arson at confinement in the penitentiary for not less than 5 nor more than 20 years. By the Acts of 1917, c. 145, § 1 (Vernon's Ann. Pen. Code Supp. 1918, art. 1210), the Legislature changed the penalty fixing the punishment at not less than 2 nor more than 20 years. The learned trial judge in the present case overlooked the amendment, and authorized the jury to assess the punishment at not less than 5 nor more than 20 years. The jury fixed the punishment at 5 years in the penitentiary. By written objection appellant excepted to that portion of the court's charge relative to the penalty, for the reason that it was not the law, and was not so provided by the statute of the state. The exception may have been rather indefinite, but we think under the circumstances that would be immaterial. Thompson v. State, 91 Tex. Cr. R. 234, 237 S. W. 926. Before judgment was entered the district attorney filed a written motion in which it is stated that the minimum punishment of 5 years permitted by the charge was an inadvertence, and suggested to the court that judgment be entered on the verdict of the jury assessing appellant's punishment at a term of only 2 years in the penitentiary. Adopting this suggestion, the court did enter the following judgment. After the usual formal recitals as to appellant's plea of not guilty, etc., the judgment then proceeds:

"We, the jury, find the defendant guilty of arson, as alleged in the first count of the indictment, and assess his punishment at confinement in the penitentiary for five years.

"Roland Loyd, Foreman of the Jury.

"It is therefore considered and adjudged by the court that the defendant, R. L. Shackelford, is guilty of the offense of arson, a felony, as charged in the first count of the indictment herein, and as found by the jury. And, it having been made to appear to the court that, inadvertently, the court in his main charge to the jury herein erroneously instructed the jury that the minimum punishment for the offense of

arson was 5 years' confinement in the state penitentiary instead of a minimum penalty of 2 years' confinement in the penitentiary, as the law now exists under article No. 1210 of the Penal Code of the state of Texas, as amended by. the Legislature in the year 1917, and it further appearing to the court that under the verdict of the jury herein finding the defendant guilty of arson, as charged in the first count of the indictment herein, the minimum penalty, under existing law, possible for the jury herein to have. assessed as defendant's punishment for the offense of arson for which they found him guilty herein was and is 2 years' confinement in the state penitentiary, it is further considered and adjudged by the court that the defendant accordingly be punished by confinement in the penitentiary for 2 years only, the plaintiff, the state of Texas, acting by and through her duly qualified district attorney representing the state rf Texas in this cause, having duly filed herein proper waiver, motion, and. request that the court adjudge defendant's punishment herein at the minimum punishment for said offense now fixed by law, and that, if defendant be sentenced herein, he be sentenced to only 2 years' confinement in the penitentiary; and it is further ordered that said defendant, R. L. Shackelford, be remanded to jail to await the further order of this court."

No authority directly in point has been cited, nor have we found any. None of those referred to in Thompson's Case, supra, nor those collated under section 644, Branch's Ann. Tex. P. C., consider the exact question now before us. We have found no case reported where the punishment fixed by the jury (whether or not sanctioned by the statute) has been departed from by the court, and judgment entered condemning accused to a different punishment than the one fixed by the jury.

No person can be convicted of a felony except upon the verdict of a jury duly rendered. Article 21, C. C. P. The jury shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty. Article 770, Vernon's C. C. P. (article 693, 1925 Revision). Punishment for arson is not absolutely fixed by statute, but the jury has wide latitude in exercising their discretion in the matter. In the present case they fixed a minimum punishment authorized by the court's instructions, but not provided by statute. The court undertook to render a judgment not authorized by the verdict. The judgment must condemn accused to be punished as has been determined by the* jury. Section 10, art. 853, Vernon's C. C. P. (article 766, 1925 Revision). Our statute provides that the method for correcting errors where the court has misdirected the jury as to the law shall be by granting accused a new trial. Article 837, subd. 2, Vernon's C. C. P. (article 753, 1925 Revision). We think the only way the error committed in the present instance can be corrected is by giving effect to

the statute last referred to. To hold otherwise would be to say that the trial judge may, under the circumstances here shown, enter a judgment against accused other than that authorized by the jury's verdict, and would be permitting the trial judge and not the jury to assess the punishment. This is the view of our state's attorney, with which we are in accord.

The judgment is reversed and the cause remanded.