### PETE BEAN V. THE STATE.

No. 10531.  Delivered October 13, 1926.

Rehearing granted December 15, 1926.

1 —Transporting Intoxicating Liquor—No Statement of Facts, Nor Bill of Exception.

This record is before us without either a statement of facts, or bill of exception. The indictment appears sufficient, and no fundamental error being pointed out the judgment is affirmed.

#### ON REHEARING.

2.—Same—Verdict—Held, Not Sufficient.

On rehearing our attention is directed by appellant to the sufficiency of the verdict, which was not passed upon in the original opinion. The verdict returned by the jury is, "We, the jury in the case again Pete Bean (defendant), all agree to a penalty of one year in the penitentiary." The verdict does not find that the defendant is guilty, and under our statutes and decisions of this court, does not support the judgment.

3.—Same—Continued.

Art. 693 of our C. C. P., 1925, reads as follows: "The verdict in every criminal action must be general. Where there are special pleas upon which the jury are to find, they must say in their verdict that the allegations in such pleas are true or untrue. If the plea is *'not guilty'* they must find that the defendant is either *'guilty'* or *'not guilty,'* and they shall assess the punishment in all cases where the same is not fixed by law to some particular penalty."

4.—Same—Continued.

In construing this statute, it is now held that if the finding of the jury can be reasonably ascertained, the verdict should be held good as to form, but we have no authority which permits this court to hold sufficient a verdict from which there is omitted one of the elements required to be

therein, by a positive statute. The jury in this case should have been sent back for the return of a proper verdict, and appellant's motion for rehearing is granted and the cause is now reversed and remanded. See Curry v. State, 7 Tex. Crim. App. 91, and numerous other cases cited in opinion on rehearing.

Appeal from the District Court of Collingsworth County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*C. C. Small* of Wellington, for appellant. On insufficiency of verdict, appellant cites:

Shaw v. State, 2 Tex. Crim. App. 487.

Willson v. State, 12 Tex. Crim. App. 481.

Wooldridge v. State, 13 Tex. Crim. App. 443.

Moody v. State, 105 S. W. 1127.

Wyvias v. State, 142 S. W. 585.

Williams v. State, 237 S. W. 920.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful transportation of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

The indictment appears regular. The record is before us without statement of facts of bills of exceptions. No fundamental error has been discovered or pointed out.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—When the case was considered on original submission, in some way appellant's brief escaped our attention and the case was thought to be one of many which reach this court where the appeal is for delay only. On motion for rehearing it is pointed out that really there is a serious question as to the sufficiency of the verdict to support the judgment, and this demanded consideration regardless of the facts proven.

The record discloses that no plea of guilty was entered by appellant, but on the contrary that he entered a plea of "not

guilty," and the case went to the jury on contested issues under that plea. The verdict returned by the jury reads as follows:

"We, the jury in the case against Pete Bean (defendant) all agree to penalty of one year in the penitentiary." On motion for new trial the verdict was attacked as insufficient to uphold the judgment because there was no finding of guilt by the jury. That there is no direct announcement in the jury's verdict that they find appellant to be guilty is not open to question. Can it be supplied by inference on the theory that they would not have fixed a penalty unless they also believed him guilty? This is answered we think by the positive terms of the statute. Article 686, C. C. P. (1925) reads:

"A verdict is a written declaration by a jury of their decision of the issues submitted to them in the case," and Article 693, C. C. P. (1925) reads as follows:

"The verdict in every criminal action must be general. Where there are special pleas upon which the jury are to find, they must say in their verdict that the allegations in such pleas are true or untrue. If the plea is *not guilty, they must find that the defendant is either 'guilty' or 'not guilty,'* and they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."

There has been a departure from the former strict construction of verdicts, and the rule now obtaining is that they should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained the verdict should be held good as to form. This is exemplified in Curry v. State, 7 Tex. Crim. App. 91; Birdwell v. State, 20 S. W. 556; Craig v. State, 62 Tex. Crim. Rep. 299, 137 S. W. 667, and in many other cases collated under Section 646, Branch's Ann. Tex. P. C., but we have been cited to no authority, and are aware of none, which authorizes this court to hold sufficient a verdict from which there is omitted one of the elements required to be therein by a positive statute, and none which would authorize the trial court to enter a judgment the effect of which is to supply the verdict with a finding omitted therefrom. The authorities are to the contrary. Doran v. State, 7 Tex. Crim. App. 386; O'Connor v. State, 37 Tex. Crim. Rep. 267, 39 S. W. 368; Murray v. State, 1 Tex. Crim. App. 430; Shaw v. State, 2 Tex. Crim. App. 487; Shackelford v. State, Tex. Crim. Rep, 277 S. W. 695.

The judgment of guilt entered upon the verdict cannot be sustained. The verdict should not have been received, but the jury should have been sent back for the return of a proper verdict.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*