### D. H. JARRELL v. THE STATE.

No. 14954.   Delivered February 24, 1932.
Rehearing Granted May 4, 1932.

The opinion states the case.

*L. D. Griffin,* of Plainview, and *Clarence E. Farmer,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Appellant was convicted of the unlawful practice of medicine; punishment, a fine of $50 and one minute in jail.

The state offered Mrs. Ed. Hudgins as a witness and she testified substantially as follows: "I know Dr. D. H. Jarrell who lives at Hale Center, Hale County, Texas. I have been in his office. He did not treat me for any disease but gave me what I call spinal adjustments; he adjusted the vertebrae of my spinal column with his fingers. I was suffering with rheumatism and liver trouble, and he did me good. He gave me the adjustments, I think, about six times. I paid him for the adjustments, that is, I paid him a part of it. He had an office at Hale Center, Hale County, Texas, at the time."

It is also shown by the uncontradicted testimony that the appellant had not filed with the district clerk in the county in which he resided

any certificate of authority to practice medicine as provided by law. The appellant offered no testimony.

By bill of exception No. 2, appellant complains of the refusal of the trial court to submit a charge requested by him to the jury to return a verdict of not guilty. Under the uncontradicted testimony, no error is shown in refusing to submit said charge.

By bill of exception No. 3, it is shown that appellant excepted to the verdict of the jury because of its insufficiency. The verdict returned by the jury was as follows:

"Your Honor

"We, the Jury, find the defendant guilty as charged in the complaint and assess his fine at fifty dollars and one minute in jail.

"(Signed)    W. P. Eason, Foreman."

The fact that the verdict said the appellant was found guilty as charged in the "complaint" would not vitiate the verdict. He was tried upon the information based upon a complaint in which the charges were identical. This being true, the form of the verdict seems unimportant. We are therefore of the opinion that the appellant's contention that the verdict is void is unsound. It clearly shows the finding by the jury that the appellant was guilty and his penalty is definitely fixed and is sufficiently intelligible not to be misunderstood, and there can be no reasonable doubt as to its import or as to the materiality of the issue or what issue was found by the jury. "Verdicts should receive a liberal rather than a strict construction and if the finding of the jury can be reasonably ascertained, the verdict should be held good as to form. The object should be to ascertain the intention of the jury." Branch's Annotated Penal Code, sec. 646, p. 332; Lee v. State, 66 Texas Crim. Rep., 567, 148 S. W., 567, 40 L. R. A. (N. S.), 1132; Craig v. State, 62 Texas Crim. Rep., 299, 137 S. W., 667; see, also, Wiggs v. State, 117 Texas Crim. Rep., 539, 36 S. W. (2d) 765.

Bill of exception No. 4 complains of that part of the court's charge as follows: "Gentlemen of the jury, the defendant in this case stands charged by complaint and information with the offense of unlawfully practicing medicine in Hale County, Texas, on or about January 1, 1931. To this charge, the defendant has plead not guilty." The exception to said charge was because the complaint and information charged the defendant with having practiced medicine without having filed a certificate in the district's clerk office of Hale county. No reversible error is shown in this.

Bill of exception No. 5 complains of the action of the trial court in not dismissing said cause for want of jurisdiction because the complaint filed herein shows to have been filed in the justice of peace court, Precinct No. 1 of Hale county, Texas, on the 21st day of May, 1931, and is attached to an information which shows that both instruments were filed

in said justice court and have never been filed in the county court of Hale county, Texas. The record shows that the complaint and the information based thereon were both filed in the county court, Hale county, Texas, on June 2, 1931.

We have examined the other complaints and none of same present reversible error.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

CALHOUN, JUDGE.—On a former day of this term, the judgment in this case was affirmed. Since said affirmance, appellant has filed a motion for rehearing based upon the contention that there is a fatal variance between the information and the complaint upon which the information was based.

The writer was in error in stating in the former opinion, in passing upon another question, that the allegations in the complaint and information were identical.

The record does not show that any point was made in the lower court as to any variance, or that any motion to quash, or motion in arrest of judgment, was filed. It is alleged in the motion for rehearing that the information charged that the appellant "did then and there treat Mrs. Ed. Hudgins, a human being, for a disease and disorder," while the complaint merely charges that the appellant "did then and there treat and offer to treat Mrs. Ed. Hudgins, a human being," omitting the words "for a disease and disorder," which are contained in the information.

The information charged the appellant with the unlawful practice of medicine under subdivision 2 of article 741 of the Penal Code. Under said subdivision of article 741, it is necessary, in order to charge an offense, that the person charged should either treat or offer to treat a disease or disorder. This, the complaint failed to allege, and there is a clear variance between the complaint and the information. The complaint is not sufficient to charge a violation of the law, while the information charges one.

Without a valid complaint, the information is worthless and will not sustain a conviction. If the complaint be defective in respect to a matter of substance, then the information based thereon cannot stand. Branch's Ann. P. C., sec. 476; see, also, Smith v. State, 3 Texas App., 549; Jennings v. State, 30 Texas Crim. Rep., 428, 18 S. W., 90; Suddeth v. State (Texas Crim. App.), 100 S. W., 155.

Appellant's motion for a rehearing is granted, and the judgment of

affirmance is set aside, the judgment reversed, and the prosecution ordered dismissed under the present complaint.

> *Granted, judgment reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.