R. F. HENRY v. THE STATE.

No. 15718. Delivered March 15, 1933.
Rehearing Denied May 31, 1933.
Reported in 60 S. W. (2d) 771.

The opinion states the case.

*J. Walter Friberg* and *Eli Willis,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of

a misdemeanor and his punishment assessed at a fine of one dollar.

The trial took place in the County Court of Wichita County. The prosecution originated in the County Court at Law of said county. There being in the record no "complaint" upon which the information was based, the court was without jurisdiction to try the case; neither can this case be considered on appeal. Article 415, C. C. P., 1925. See Vernon's Ann. Tex. C. C. P., 1925, vol. 1, p. 313, for citation of authorities. See, also, Day v. State, 105 Texas Crim. Rep., 117; Jarrell v. State, 49 S. W. (2d) 752; Smith v. State, 112 Texas Crim. Rep., 136.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and ordered dismissed.*

ON REHEARING.

HAWKINS, JUDGE.—Appellant was convicted for violating the law regulating the transfer of secondhand vehicles, and his punishment was assessed at a fine of one dollar.

On March 15, 1933, the judgment was reversed and the prosecution ordered dismissed because of what then appeared from the transcript to be a jurisdictional question. The record was corrected by supplemental transcript, and on May 3, 1933, the appeal was reinstated and the case considered on its merits, and the judgment affirmed. There is now pending a motion for rehearing by appellant. In considering it we note that in our opinion of date May 3, 1933, we failed to take cognizance of an amendment of articles 1434 and 1435, P. C., which amendment was enacted at the Regular Session, 42d Legislature, chap. 29, page 36, and which became effective on February 22, 1931. For the reason stated, our opinion of May 3, 1933, is withdrawn, and the present opinion substituted therefor. On a corrected record the appeal is reinstated and the case is considered on its merits.

Article 1434, P. C., as amended by the 42d Legislature (1931) provides, among other things that:

"Whoever, acting for himself or another, sells, trades or otherwise transfers any second-hand or used vehicle without delivering to the transferee at the time of delivery of the vehicle the license receipt issued therefor for the current year and a bill of sale thereto in triplicate as herein required shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not exceeding Two Hundred ($200.00) Dollars." The present prosecution was for an alleged violation of the provision quoted.

Bob Taylor testified that he was without previous acquaintance of the appellant, R. F. Henry. Taylor purchased from the appellant on the 28th or 29th of November, 1931, a car, namely a Pontiac cabriolet, 1928 model. Relating the conversation, Taylor said: "I went in and Mr. Henry was working down on a Buick car or some car, and I went back and asked him what it was, and he said a 1928 model Pontiac cabriolet, and I asked how much he wanted for this car, and he said $75.00 * * * I told him I thought he was a little high, that I would give him $50.00. He said he would not take $50.00. I started out the door and said, 'I will give you $50.00 cash now,' and he said, 'Wait a minute, you have bought an automobile.' * * * He got the papers. I paid him $50.00 in currency. I said he went back and got some papers and brought them up in the front there * * * He took a pencil out of his pocket and went to erasing his name, and I said, 'You cannot do that, can you, that is printed in there with a typewriter.' He took a pencil eraser and began erasing the name R. F. Henry written in with a typewriter. I said, 'That isn't right, is it?' and he said, 'Yes, you can take twenty-five cents and go to the court house and get it transferred.' And he took pen and ink and put my name in the blank. He did not sign his name to a bill of sale, other than putting my name in there. * * * He put my name in there, but outside of that he did not sign his name to anything. * * * He gave me some papers. Those papers you exhibit to me are the papers he gave me."

The following statement is found in the record: "It is agreed between the counsel for the State and the counsel for the defendant that there was introduced in evidence a bill of sale covering the motor vehicle in question, which bill of sale was in statutory form, executed in triplicate, and which was signed by O. A. Jones, Assistant Secretary of the General Motors Acceptance Corporation and sworn to before a Notary Public in Dallas County, Texas. This bill of sale was written on a typewriter with the exception of the name of the vendee, Bob Taylor, and his name was written with pen and ink. It is also agreed that there was an affidavit of repossession sworn to by O. A. Jones, Assistant Secretary of the General Motors Corporation, which affidavit was that the car was repossessed by reason of fact that the former vendee had not made the payments required by the mortgage contract. This agreement is made in view of the fact that evidence referred to in statement of facts have been misplaced and cannot be located."

The conviction is attacked upon the ground that the facts do not show that the appellant did sell a secondhand motor

vehicle, and for the reason that the state failed to show title in the appellant to the car in question. Counsel refers to the definition of sale in Corpus Juris, vol. 55, page 48; also to the definition of sale in the case of Keaton v. State, 36 S. W., 440, which case dealt with the defining of the word sale in a local option transaction. The definition mentioned is not deemed controlling. The present offense is the failure to deliver proper transfer. Moreover, the language of the statute applies to one who sells, delivers, or otherwise transfers a secondhand motor vehicle. In the present instance, the appellant was in possession of an automobile, manifestly claiming the authority to fix the price, receive payment for, and deliver the property. It is thought that under the facts portrayed by the record, he cannot escape the legal consequences of the failure to make a record of the sale as required by statute.

In his motion for rehearing appellant suggests that by the agreement heretofore set out in which it is stated that there was introduced in evidence a bill of sale executed by O. A. Jones, the state had destroyed its case. We do not so understand the record. We conclude that the bill of sale to which Taylor referred was the one introduced in evidence, and it is our understanding that appellant altered a bill of sale which had been executed by Jones to him, instead of executing a bill of sale in triplicate from himself to Taylor; he erased his own name from the bill of sale and inserted Taylor's name, thereby making it appear as a transfer from Jones to Taylor. Appellant may have had no fraudulent intent in the matter, but the law in question seems to have been enacted to guard against these very happenings, and to establish records from which transfers of secondhand motor vehicles might be traced.

Finding nothing in the record which calls for a reversal of the judgment, an affirmance is ordered, and the motion for rehearing is overruled.

*Affirmed and motion for rehearing overruled.*