MILTON A. CALLAWAY v. THE STATE.

No. 18997.   Delivered May 5, 1937.

The opinion states the case.

*John M. Hatter,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of selling and offering for sale "inferior motor fuel," and his punishment was assessed at a fine of fifty dollars.

The complaint and information, omitting the formal parts, reads as follows:

"That Milton A. Callaway on or about the 21st day of March, A. D., 1936 and before the making and filing of this information in the County of Ellis, State of Texas, did unlawfully and knowingly expose for sale, as gasoline and motor fuel, a substance, liquid and product of petroleum, which said substance, liquid and product of petroleum was then and there below the minimum requirements of the standard of gasoline and motor fuel as provided by the laws of the State of Texas, in that the end and dry point of distillation of the said substance, liquid and product of petroleum was then and there over 437 degrees Fahrenheit."

Art. 1105, Vernon's Anno., P. C., reads as follows:

"(a) No person, firm, association of persons, or corporation shall sell, offer for sale, or expose for sale, or possess or store with the intention to sell, as gasoline or motor fuel, any substance, liquid, or product of petroleum which falls below the standard of gasoline or motor fuel, the minimum requirement of which such standard shall be determined by the following distillation range: * * * .

"4. The end or dry point of distillation must not be over 437 degrees Fahrenheit." * * *

Art. 1106, Vernon's Anno., P. C., which was passed by the same legislature and went into effect on the same day that the foregoing article became effective, provides:

"(a) Liquids, substances, or products of petroleum used, or intended for use, as gasoline or motor fuel, not meeting the minimum requirements and specifications prescribed in Article 1105 hereof for gasoline or motor fuel, shall be known and designated as "Inferior Motor Fuel", and all pumps, receptacles, tanks or containers from which such inferior motor fuel may be sold, offered for sale, or exposed for sale, or in which such inferior motor fuel is stored, or transported with the intention to sell, shall be labeled, in plain, legible lettering in the English language in the full view of the public, with the words "Inferior Motor Fuel", which such lettering shall be of solid black type not less than two (2) inches in height with not less than one-half inch paint stripe of black oil paint on white oil paint background."

In determining whether an offense has been charged the two articles of the statute above quoted must be considered together. When this is done it is apparent that the sale of "inferior motor fuel" is permitted when the person complies with the requirements of Art. 1106, P. C., by labeling in the manner prescribed by law his pumps, receptacles, tanks, and containers from which such "inferior motor fuel" is sold or offered for sale. The gist of the offense is in failing to have the containers properly labeled. Consequently the information hereinabove set forth is insufficient in that it does not negative appellant's failure in said respect.

It is therefore ordered that the judgment of the trial court be reversed and the prosecution dismissed.

*Reversed and prosecution dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.