## L. V. STOVALL v. THE STATE.

No. 21050. Delivered April 10, 1940.
Rehearing Denied May 22, 1940.

The opinion states the case.

*Hardin, Hardin & Hardin* and *Fred W. Hofstetter*, all of Edinburg, and *R. H. Wilson*, of Wharton, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Wharton County for violating the motor truck statute; and his fine was assessed at $110.00.

The case originated in the Justice Court of Wharton County and the prosecution was under a general complaint, the material allegations of which are as follows:

"Before me, the undersigned authority, on this day personally appeared Larry Daniel, who, after being by me duly sworn, on oath deposes and says: that heretofore, to-wit; On or about the 18 day of Dec. A. D., 1939, and before the making and filing of this complaint in the County of Wharton, and State of Texas, L. V. Stoval did then and there unlawfully operate a commercial motor vehicle, to wit: Truck, tractor and semi-trailer, upon the public highway, outside the city limits of an incorporated town or city, to wit; U. S. Highway No. 96, in the County of Wharton, State of Texas, with a load on said vehicle in excess of seven thousand pounds net weight. Contrary to the Provisions of House Bill No. 336, Sec. 5, against the peace and dignity of the State.

"Larry Daniel, Complainant."

In cause No. 21,017, Leo W. Fortson v. State, which is a prosecution under Art. 827a, Penal Code, (Page 341 of this volume), it was held that it was incumbent upon the State to allege and prove that the load was in excess of 7,000 pounds and that he did not come under any of the exceptions set out in Art. 827a, sec. 5, P. C. Before these facts may be proved they must be alleged. There is no allegation in the complaint above set out that the appellant did not come within the exceptions listed in the statute. There being no such allegation, the State would not be permitted to prove it.

The complaint is insufficient, because of which the case is reversed and the prosecution ordered dismissed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State presents a request for leave to file a delayed motion for rehearing based on the contention that we were in error in holding the complaint bad because it failed to nega-

tive certain exceptions. The request for leave to file this motion comes long after the time has expired in which motions for rehearing may ordinarily be filed but is predicated on the ground that the court has control over its judgments during the term at which rendered. We recognize the rule, but doubt the expediency of its application in the present instance. The mandate from this court has long since issued, and perhaps many complaints of like character have been disposed of under that opinion in this case. We therefore think it proper to deny the request for leave to file the motion. However, we wish it understood that such denial is not to be taken as in any way expressing an opinion on the merits of the State's contention regarding the State's pleadings.

The request for leave to file the motion is denied.