MRS. H. G. HOWLAND V. THE STATE.

No. 21619. Delivered May 21, 1941.

The opinion states the case.

*Dick Young* and *H. G. Howland,* both of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The unlawful practice of law is the offense; the punishment, a fine of $100.00.

The conviction arose under Art. 430a, Vernon's Ann. P. C., Acts 1933, 43rd Leg., p. 835, ch. 238. Section 1 of that Act reads as follows:

"It shall be unlawful for any corporation or any person, firm, or association of persons, except natural persons who are members of the bar regularly admitted and licensed, to practice law."

The prosecution was by information, based upon a complaint, the charging part of which reads as follows:

"Mrs. H. G. Howland did then and there unlawfully, and in a representative capacity appear as an advocate in behalf of One Edward Michalec in connection with proceedings pending before a justice of the peace, to wit; Isaac Garrett, Justice of the Peace of Precinct Number One, Wharton County, Texas, against the peace and dignity of the State."

It will be noted that such complaint failed to negative the fact that the accused was a member of the bar "regularly admitted and licensed, to practice law." It is insisted that the absence of such allegation in the complaint renders it fatally defective, and upon which an information could not be predicated.

It is the rule of long standing that, if the exceptions or omissions mentioned in a statute be a necessary part thereof or be descriptive of the offense created thereby, in order for

the State's pleading to be sufficient, it must negative the existence of such exceptions or omissions. Hewitt v. State, 25 Tex. 722; Huntsman v. State, 12 Tex. App. 619; Bryan v. State, 54 Tex. Cr. R. 18, 111 S. W. 744, 16 Ann. Cas. 515; Callaway v. State, 105 S. W. (2d) 241, 132 Tex. Cr. R. 384; Stovall v. State, 139 S. W. (2d) 104, 139 Tex. Cr. R. 363.

Such rule, however, was distinguished in Baker v. State, 106 S. W. (2d) 308, 132 Tex. Cr. R. 527.

The Baker case, supra, was a prosecution for selling intoxicating liquor in a dry area, and was under a statute which carried a proviso that such did not apply to the "holders of industrial or medicinal permits." In concluding that such exceptions were not required to be negatived in the State's pleading, this court held that, where the exceptions to the application of a statute are not a necessary part of the definition of the offense denounced by or descriptive of it, no necessity existed to negative their existence. As demonstrating the rule, we said:

"In other words, if the thing forbidden by the particular statute under consideration could not be proved, or the case could not be made out without proof of the so-called exception or omission, then said exception would be a necessary element of the offense, and its existence should be negatived in the indictment and find support in the proof."

The distinction between the two rules rests in the offense created in the statute. In the Baker case, supra, the offense created applied to all persons selling intoxicating liquor in a dry area. The exceptions there relieved against the operation of the statute. Certainly the exceptions noted were no part of the offense created, nor were they descriptive of it. The offense was complete without the exceptions.

Such is not true of the instant case. Here the statute operates only against those who do not have the authority to practice law in this State. The lack of such authority is, therefore, a component part of the offense created, and without which no violation of the statute would exist.

The conclusion is reached that, in order to charge a violation of the statute here under consideration, the State must allege and must prove that the accused was not a member of the

bar regularly admitted and licensed to practice law in this State, and that, in its failing so to do, the complaint is fatally defective. An information must be supported by and founded upon a valid complaint. Jarrell v. State, 49 S. W. (2d) 752, 120 Tex. Cr. R. 306; Branch's P. C., Sec. 476.

It follows that the judgment of the trial court should be reversed and the prosecution dismissed. It is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.