**Ulysses Lester CLEMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–111–CR.**

Court of Appeals of Texas, Waco.

July 21, 1983.

Discretionary Review Granted,
Dec. 14, 1983.

Buddy Stevens, Angleton, for appellant.

Jim Mapel, Criminal Dist. Atty., Jo Wiginton, Asst. Criminal Dist. Atty., Angleton, for appellee.

HALL, Justice.

Indicted for murder, appellant Ulysses Lester Clemons was convicted by a jury for the offense of involuntary manslaughter. The jury assessed punishment at "not more than (10) ten years in the Texas Dept. of Corrections." Following judgment and sentence, appellant perfected this appeal.

 The evidence supports the conviction, and appellant does not contend otherwise. For reversal, appellant asserts prejudicial and reversible error was committed by the State in its impeachment of two of appellant's witnesses by the use of "have you heard" questions. We agree with the state that the complaints now assigned by appellant were not preserved for appellate review, and that, in any event, in the light of the entire record, the questions asked of the witnesses were harmless to appellant beyond a reasonable doubt. Nevertheless, it is our holding that the punishment verdict reflects fundamental error, albeit not assigned by appellant, which requires reversal.

The punishment for involuntary manslaughter, a third-degree felony, is confinement in the Department of Corrections for any term of not more than ten years or less than two years, and in addition the jury may impose a fine not to exceed $5,000.00. V.T.C.A., Penal Code §§ 19.05 and 12.34. The jury was so instructed by the court at the punishment phase in this case. As stated earlier, the jury assessed appellant's punishment at confinement in the Department of Corrections for "not more than (10) ten years." This verdict was received by the court, and the jury was discharged. The judgment in the case recites this verdict and its acceptance by the court and then adjudges appellant's punishment to be confinement in the Department of Correc-tions "for a term of ten (10) years." Upon this judgment, appellant was sentenced to confinement for a term of not less than two nor more than ten years.

 It is settled that a jury's verdict, in order to support a judgment, must be definite and certain; that a specific punishment must be reflected by the verdict; and that a verdict that does not assess a specific punishment is void. *Ex parte Traxler*, 147 Tex.Cr.R. 661, 184 S.W.2d 286, 288 (1944); *Villarreal v. State*, 166 Tex.Cr.R. 616, 317 S.W.2d 531, 532 (1958), and cases cited. In *Villarreal*, the jury assessed the defendant's punishment "at confinement in the penitentiary for not more than two years." This verdict was held "insufficient to authorize a judgment of conviction." Similarly, therefore, the verdict in our case assessing appellant's punishment at confinement in the penitentiary for "not more than ten years" will not support the judgment of conviction. Since this error requiring reversal occurred at the hearing on punishment before a jury, under our bifurcated trial system we are without authority to direct a new trial or penalty hearing before a different jury on the issue of punishment alone. *Bullard v. State*, 548 S.W.2d 13, 18 (Tex.Cr.App.1977).

The judgment is reversed and this case is remanded in its entirety for new trial.