**Ulysses Lester CLEMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 847–83.

Court of Criminal Appeals of Texas,
En Banc.

June 6, 1984.

Buddy Stevens, Angleton, for appellant.

Jim Mapel, Dist. Atty. and Jo Wiginton, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ODOM, Judge.

Appellant was convicted of the offense of involuntary manslaughter. Punishment was assessed by the jury at imprisonment in the Texas Department of Corrections for "not more than ten years." The conviction was reversed and remanded by the Court of Appeals for the Tenth Supreme Judicial District in a published opinion. *Clemons v. Texas,* 671 S.W.2d 552 (1983).

The Court of Appeals reversed and remanded the conviction for unassigned error on appeal because the jury verdict assessed punishment at "not more than ten years" which was not definite and certain in assessing a specific punishment. The verdict was held void as a result of the indefinite punishment. See *Ex parte Traxler,* 147 Tex.Cr.R. 661, 184 S.W.2d 286, 288 (1944).

The trial court charged the jury as follows:

"... Therefore, you will assess the punishment of the defendant at confinement in the Texas Department of Corrections for a term of not more than ten (10) years or less than two (2) years...."

The jury answered the charge of the court in the following manner:

"We, the jury having found the defendant herein guilty of the offense of *Involuntary Manslaughter,* assess his punishment at *not more than (10) ten years in the Texas Dept. of Corrections....*"[1]

The trial court received and read the jury's verdict without any objection by appellant. The trial court accepted the verdict and then adjudged appellant's punishment to be

---

**1.** The phrase "not more than (10) years in the Texas Department of Corrections" was hand printed by the jury.

confinement in the Texas Department of Corrections "for a term of ten (10) years." Upon this judgment, appellant was sentenced to confinement for a term of not less than two nor more than ten years. Appellant did not raise any objection to the form of the verdict in the trial court or on appeal.

 A verdict must be certain, consistent and definite. It may not be conditional, qualified, speculative, inconclusive or ambiguous. *Eads v. State*, 598 S.W.2d 304, 306 (Tex.Cr.App.1980). An incomplete or unresponsive verdict should not be received by the court. *Id.* The jury in the present case answered the court's charge literally by assessing appellant's punishment at "not more than ten years." It appears that the jury intended to assess appellant the maximum verdict allowed under the Penal Code. See V.T.C.A., Penal Code Secs. 19.-05(c), 12.34(a). No objection was made by the state or appellant when the verdict was read and the trial court entered appellant's judgment and sentence. It is clear that everyone involved in the case understood "not more than ten years" to mean "ten years."

 The Court of Appeals relied on the case of *Villarreal v. State*, 166 Tex.Cr.R. 616, 317 S.W.2d 531 (1958) in their opinion. In *Villarreal* the jury assessed the defendant's punishment "at confinement in the penitentiary for not more than two years." The judgment entered on the verdict recited that the defendant be punished by confinement in the state penitentiary for not more than two years. This Court held that both the verdict and the judgment were indefinite and uncertain and therefore void. Id. at 532. The judgment in the present case recites appellant's punishment to be confinement in the Texas Department of Corrections "for a term of ten (10) years." The judgment is definite and certain in this case as distinguished from the judgment in *Villarreal*. The trial court construed the jury's answer to the charge to mean ten years. As construed by the trial court, the verdict is not open to another construction other than ten years. This was the correct

construction of the jury's verdict especially in absence of any objection from appellant, both at the trial level and on appeal.

The judgment of the Court of Appeals is reversed and the cause is remanded for consideration of appellant's grounds of error.

MILLER, J., dissents.

ONION, Presiding Judge, dissenting.

This appeal was taken from a conviction for involuntary manslaughter. The jury's verdict at the penalty stage of trial assessed punishment in the Department of Corrections for "not more than ten years."

On appeal the Waco Court of Appeals reversed the conviction because the jury's verdict was indefinite, uncertain and vague as to the penalty assessed and was therefore void. The court cited *Ex parte Traxler*, 147 Tex.Cr.R. 661, 184 S.W.2d 286, 288 (1944); *Villarreal v. State*, 166 Tex.Cr.R. 616, 317 S.W.2d 531 (1958). See *Clemons v. State*, 671 S.W.2d 552 (Tex.App.—Waco —1983).

We granted the State's petition for discretionary review to determine the correctness of that decision.

Involuntary manslaughter is a third-degree felony. V.T.C.A., Penal Code, § 19.-05(c). A third-degree felony carries a penalty of "any term not more than 10 years or less than 2 years" and in addition a defendant may be punished by a fine not to exceed $5,000.00. V.T.C.A., Penal Code, § 12.34.

The trial court instructed the jury at the penalty stage of the trial in accordance with said § 12.34. The verdict returned reads in part:

"We, the jury having found the defendant herein guilty of the offense of Involuntary Manslaughter, assess his punishment at *not more than (10) ten years* in the Texas Dept. of Corrections ...." (Emphasis supplied.)

The verdict was recited in the court's judgment; see Article 42.01, V.A.C.C.P., but the judge apparently recognizing the

problem here involved, had the judgment state that confinement would be for "ten years," although it is clear a judge may not enter a different judgment than called by for by the jury's verdict. *Combes v. State,* 162 Tex.Cr.R. 482, 286 S.W.2d 949 (1956); *King v. State,* 135 Tex.Cr.R. 71, 117 S.W.2d 800 (1938).

In *Eads v. State,* 598 S.W.2d 304, 306 (Tex.Cr.App.1980), this court wrote:

" 'A verdict must be certain, consistent and definite. It may not be conditional, qualified, speculative, inconclusive, or ambiguous.' 57 Tex.Jr.2d, Trial, Sec. 415, pp. 49–50. *Villarreal v. State,* 166 Tex.Cr.R. 616, 317 S.W.2d 531 (1958), and cases there cited. * * * It is not only within the power, *but it is the duty of the trial judge to reject* an informal or insufficient verdict, call to the attention of the jury the defect, informality or insufficiency, and either have the same corrected with their consent, or retire them again to consider of their verdict. Article 37.10, V.A.C.C.P., note #1 and cases there cited. And such procedure is particularly necessary where the defect or insufficiency in the verdict relates to the assessment of punishment in a criminal case. *Belton v. State,* 162 Tex.Cr.R. 436, 286 S.W.2d 432 (1956); *Franklin v. State,* 169 Tex.Cr.R. 79, 331 S.W.2d 751 (1960); *Fernandez v. State,* 382 S.W.2d 935 (Tex.Cr.App.1964). * * * While a trial court may correct an informal or contradictory verdict with the jury's consent, the court cannot substitute its judgment for the jury's verdict. *Howell v. State,* 120 Tex.Cr.R. 614, 47 S.W.2d 844 (1932); *Moore v. State,* 154 Tex.Cr.R. 307, 227 S.W.2d 219 (1950); *Smith v. State,* 479 S.W.2d 680 (Tex.Cr.App.1972). And a trial court cannot supply a finding that the jury has not made in its verdict. *Hatfield v. State,* 161 Tex.Cr.R. 362, 276 S.W.2d 829 (1955)." (Emphasis supplied.)

The court may not receive the verdict and go beyond it in enlarging the judgment thereon, since the judgment must follow the verdict. See *Cagle v. State,* 179 S.W.2d 545 (Tex.Cr.App.1944); *Baker v. State,* 70 Tex.Cr.R. 618, 158 S.W. 998 (1913); *Luttrell v. State,* 116 Tex.Cr.R. 277, 31 S.W.2d 818 (1930). Courts have no power to change a jury's verdict, unless it is with the jurors' consent before they disperse. *Ex parte McIver,* 586 S.W.2d 851 (Tex.Cr.App. 1979).

In *Ex parte Traxler,* supra, relied upon by the Court of Appeals, this Court in 1944 wrote:

"In an unbroken line of decisions in this State it has been held that *a jury's verdict,* in order to support a judgment, *must be definite and certain;* that a *specific punishment must be reflected* by the verdict, and that the verdict is the basis for the judgment entered by the court. *Jones v. State,* 101 Tex.Cr.R. 71, 274 S.W. 566; *Bean v. State,* 105 Tex. Cr.R. 423, 289 S.W. 41; *Pena v. State,* 137 Tex.Cr.R. 311, 129 S.W.2d 667; and *Allen v. State,* 138 Tex.Cr.R. 303, 136 S.W.2d 232." (Emphasis supplied.)

In *Traxler* the verdict assessed punishment at "not less than five years nor more than life" was uncertain and would not support the judgment.

In *Villarreal v. State,* supra, the verdict read: "not more than two years" in assessing punishment. In holding that both the verdict and judgment were indefinite and uncertain and insufficient to support a conviction, this Court in 1958 stated:

"The period of time required to be served as punishment by the accused cannot be ascertained. Both the verdict and the judgment are indefinite and uncertain. They are void under the rule in *Ex parte Traxler,* 147 Tex.Cr.R. 661, 184 S.W.2d 286; *Edwards v. State,* 153 Tex. Cr.R. 301, 219 S.W.2d 1022; *Ex parte East,* 154 Tex.Cr.R. 123, 225 S.W.2d 833; *Ex parte Rowland,* 155 Tex.Cr.R. 435, 236 S.W.2d 153; *Kemp v. State,* 159 Tex. Cr.R. 110, 261 S.W.2d 573; *Ex parte Church,* 163 Tex.Cr.R. 357, 292 S.W.2d 120; *Ex parte Frazier,* Tex.Cr.App. [164 Tex.Cr.R. 572] 301 S.W.2d 655; and *Johnston v. State,* Tex.Cr.App. [166 Tex. Cr.R. 65] 311 S.W.2d 823."

Under this line of authority a verdict that is indefinite and uncertain as to punishment is void and will not support a conviction, and may be collaterally attacked successfully. There need be no objection if the verdict is void.

While "not more than two years" was held indefinite and uncertain in *Villarreal,* today's majority holds that "not more than ten years" is definite and certain and means "ten years." Of course it does not. Two years are "not more than 10 years". So are 3, 4, 5, 6, 7, 8, 9 or even 9½ years.[1] What the majority is really saying is that "not more than ten years" means "at least ten years."

The majority relies upon the fact that no objection was made to the verdict, and "everyone involved in the case" understood "not more than ten years" to mean "ten years." Where a verdict is void, no objection is essential,[2] and there is no support for the broad based statement that "everyone involved" meant the verdict to read "ten years."

The majority tries desperately to distinguish *Villarreal* and does not succeed. It points out the judgment entered in *Villarreal* followed the verdict "not more than two years," while in the instant case the judgment sets out the verdict, but the trial judge ordered in the judgment confinement in the Department of Corrections "for a term of ten (10) years." As noted, a trial judge may not alter, change or vary the verdict of the jury as to punishment without the jury's consent, and try to make it certain when the verdict upon which it must necessarily be based is indefinite, uncertain and vague. To say that because of the change made by the judge without authority transforms the instant judgment into a definite and certain one as distinguished from the one in *Villarreal* represents the type of fuzzy reasoning that has pervaded recent decisions the citations of which can be furnished upon request.

The Court of Appeals correctly followed the long line of unbroken decisions of this court and its judgment should be affirmed.

Today's decision will open Pandora's Box as to prosecutorial argument urging jurors to assess punishment in the verdict "at not more than _____ years" with the assurance that the verdict will be upheld by the Court of Criminal Appeals.

I vigorously dissent to the action of this day's majority.

CLINTON, J., joins this opinion.

---

1. In *Ainsworth v. State,* 517 S.W.2d 274 (Tex.Cr. App.1975), the jury verdict assessed punishment "for a period of 30 _____." There the court wrote:

 "Thus, the '30' written on the written form could not possibly be construed to mean 30 days, 30 weeks or 30 months as none of these terms are authorized by statute or covered by the court's charge. The only reasonable and possible constructions is that the verdict was intended to reflect a punishment of 30 years...."

 In the instant case 2 years, 3, 4, 5, 6, 7, 8, 9 years are "not more than ten years" which were authorized by the statute as possible punishment as well as by the court's charge. *Ainsworth* is distinguishable from the instant case.

2. It is the *duty* of the judge to reject an improper verdict. See *Eads v. State,* supra.