EX PARTE ROY "PETE" TRAXLER.

No. 22980. Delivered December 20, 1944.

662

The opinion states the case.

*J. S. Bracewell* and *Fentress Bracewell,* both of Houston, for appellant.

A. C. *Winborn,* District Attorney, and *E. T. Branch,* Assistant District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Relator seeks release from the penitentiary, having made application for writ of habeas corpus to the judge of the Criminal District Court of Harris County. A hearing was had upon said application and the writ issued returnable to this court as provided by Act of the 48th Legislature, Ch. 233, p. 354.

It is shown that relator was indicted in the District Court of Lipscomb County, it being charged in the indictment that he had robbed a named party by assault, and by violence to the said party, and by putting him in fear of life and bodily injury, and "by using and exhibiting a firearm, to-wit: a pistol." By the averments quoted the offense as charged became a capital felony under Article 1408 P. C., authorizing the punishment of death if a firearm is used in perpetrating robbery.

On the 16th day of February, 1936, relator appeared in court with his attorney, waived a trial by jury and entered his plea of guilty before the judge, who found him guilty *"of the charge in said indictment filed herein, to which the defendant entered his plea of guilty and finds the defendant to be guilty of the offense of robbery,"* and assesses his punishment at confinement in the penitentiary *"for a term of not less than five years nor more than life."* (Italics ours, but are recitals from the judg-

ment.) In pronouncing sentence against appellant the court directed that he be imprisoned not less than five years nor more than life. It is recited in the sentence that appellant's punishment had been "adjudged at confinement in the penitentiary *for life;*" this recital being contradictory to those in the judgment as to the punishment assessed.

The 42d Leg., p. 65, Ch. 43, (Art. 10a, Pocket Part, Vernon's Tex. C. C. P., Vol. 1) provided that:

"The defendant in a Criminal prosecution for any offense classified as a felony *less* than a capital offense, shall have the right, upon entering a plea of guilty, to waive the right of a trial by a Jury" upon complying with certain conditions therein specified. The recitals in the judgment show compliance with those conditions, save any recital that relieves the offense of being that of a capital felony.

It is admitted in the application for the writ of habeas corpus as well as in relator's brief that at the time relator entered his plea of guilty the District Attorney "orally stated to the court that he was reducing the charge of robbery by firearms to robbery by assault, but there was no docket entry or order of any kind therein." Upon a hearing of the application for the writ of habeas corpus it was shown from a letter of the District Clerk that there was "nothing in the files or on the docket * * * showing that the charge (against relator) was reduced."

It is relator's contention that under the circumstances stated, in the absence of any order in the court minutes or recital in the judgment to the contrary, the record shows that the court accepted a plea of guilty in a capital felony, which he was without jurisdiction to do, and therefore, the judgment of conviction is void.

This contention brings in review Art. 577 C. C. P., which reads as follows:

"The district or county attorney may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge."

We have had occasion heretofore to deal with a situation similar to that here presented. See Gentry v. State, 152 S. W.

635, Clay v. State, 70 Tex. Cr. R. 451, 157 S. W. 164. (Reducing offense from murder in first to murder in second degree). Sweeney v. State, 103 Tex. Cr. R. 393, 281 S. W. 571, a robbery case in which that portion of the charge in the indictment relating to the use of firearms was abandoned. It will be noted that in the two cases first mentioned the district attorney filed written motions dismissing as to murder in the first degree, which motions were sustained by the court and record of such action entered in the minutes of the court. In the case last mentioned it does not appear from the opinion whether the district attorney filed a motion to dismiss the capital feature of the case, or whether the docket entry was carried into the minutes. In Adams v. State, 96 Tex. Cr. R. 242, 257 S. W. 249 we assume the district attorney orally waived the death penalty in a case of robbery which alleged the use of firearms. We note this language in the opinion on rehearing.

"The indictment charged a capital offense, to-wit, robbery with firearms * * *" and the jury was told they could inflict the death penalty.

Quoting further:

"There is *on file* no statement or agreement on the part of any one authorized to bind the state, waiving the death penalty. * * * In no event would such agreement be binding unless with the sanction of the trial court, and *if it be claimed that there was any waiver or attempted waiver, same does not appear in any authenticated way in this record.*"

The judgment was reversed upon rehearing. In all of the cases referred to the matters here pertinent were questions of procedure, whereas, in the case now before us under the statute permitting pleas of guilty before the court *save in capital cases* the question goes to the very jurisdiction of the court—its lack of power to do what *the record* indicates it did do.

In Malley v. State, 125 Tex. Cr. R. 625, 69 S. W. (2d) 765, Ex parte Rusk, 128 Tex. Cr. R. 135, 79 S. W. (2d) 865, Wallace v. State, 145 Tex. Cr. R. 625, 170 S. W. (2d) 762, we were dealing more directly with the construction and application of Article 577 C. C. P. There are some expressions in the opinion in Malley's case supporting a conclusion that the court's order dismissing a prosecution in the absence of a "written" motion by the district attorney would be void. There, however, it appears that the order of dismissal was made over the protest of the prosecut-

ing officer, and was not supported by either a written or oral motion of said officer. This was pointed out in the opinion in Rusk's case, in which it was held that an oral request for a dismissal would support an order to that effect where the order of dismissal was carried into the court's minutes and incorporated in the judgment of dismissal were the reasons upon which the order was based. To the same effect is the holding in the latter case of Wallace v. State (supra).

In the case now before us there is no separate order dismissing, or abandoning, that part of the indictment which charged a "capital" felony, nor is there any recital in the judgment that the "capital" feature was dismissed or abandoned. The district court is a court of record and there should be in the record some entry affirmatively showing that the "capital" feature of the charge against appellant had been dismissed. In the absence from the court's minutes of any such entry it appears from the record before us that the trial court entertained a plea of guilty in a capital case. Therefore, we conclude that the judgment is void.

Relator further contends that the judgment is void for uncertainty wherein it fixes his punishment at imprisonment in the penitentiary "for a term of not less than five years nor more than life."

In an unbroken line of decisions in this State it has been held that a jury's verdict, in order to support a judgment, must be definite and certain; that a specific punishment must be reflected by the verdict; and that the verdict is the basis for the judgment entered by the court. Jones v. State, 274 S. W. 566; Bean v. State, 289 S. W. 41; Pena v. State, 129 S. W. (2d) 667; and Allen v. State, 136 S. W. (2d) 232. It would seem to follow that if a jury had heard relator's case and had returned a verdict assessing the punishment at confinement in the penitentiary "for not less than five years nor more than life" it would not support a judgment as to such penalty. The pronouncement of a jury is universally referred to as its "verdict." The judgment of a court where a jury has been waived partakes of the very same nature and constitutes a necessary element of the procedure as fully and completely as does the "verdict" when the evidence is heard by a jury. It is not a common expression to refer to the court's judgment as a "verdict," However, we do find that the Legislature has referred to it as such in providing for a plea of guilty before the court without a jury. (Art. 10A,

C. C. P. and amendments of Arts. 11, 12 and 776A. See also Bolton v. State, 59 S. W. (2d) 833.)

Whether or not the pronouncement of the court fixing his punishment be the court's "verdict" is immaterial. Such judgment must fix a penalty that is definite and certain. The sentence thereafter pronounced gives application of the indeterminate statute (Art. 775 C. C. P.)

If the case was pending before us on appeal and we had a charge from the court, and the verdict of a jury which really fixes a definite punishment we could perhaps correct the judgment, but not under the circumstances here present.

Relator prays that he be discharged from the penitentiary. Having concluded that the judgment against relator is a void judgment, he is entitled to be relieved from further confinement in the penitentiary under said judgment. It is not thought, however, that he should be released completely. It is ordered that he be delivered by the penitentiary authorities to the sheriff of Lipscomb County to answer in the District Court of such county to the indictment which was there originally returned against him, and under which his purported conviction was had. See Ogle v. State, 43 Tex. Cr. R. 219, 63 S. W. 1009.