### JOE EDWARDS V. STATE.

No. 24364. May 4, 1949.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant waived a trial by jury, and entered his plea of guilty to the crime of cattle theft.

The trial court's order and adjudication upon the plea, as contained in the judgment of conviction, reads as follows:

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant, Joe Edwards, is guilty of the offense of Theft of Cattle, as confessed by the Defendant in the Defendant's plea of guilty herein made to the Court, and that the said Defendant be punished by confinement in the Penitentiary of the State of Texas for a term of not less than Two nor more than Three years, and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which execution may issue."

The defect in such judgment lies in the fact that no specific punishment is reflected therein. The order fixing appellant's punishment at not less than two nor more than three years' confinement in the penitentiary fixes neither term as the punishment assessed. It is, therefore, neither definite nor certain. The judgment of the trial court, upon a plea of guilty before the court in a felony case, must fix a penalty that is definite and certain. Ex Parte Traxler, 147 Tex. Cr. R. 661, 184 S. W. (2d) 286.

The judgment in this case is void.

We have no alternative but to reverse the judgment and remand the case for a new trial. It is so ordered.

Opinion approved by the Court.