## Ex parte JONES.

No. 24911.

Court of Criminal Appeals of Texas.

June 7, 1950.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Relator filed his application for habeas corpus before District Judge Max M. Rogers, alleging that he was illegally incarcerated in the state penitentiary.

Upon a hearing before Judge Rogers, it was shown that Relator was received by the penitentiary authorities under conviction in Cause No. 2881, in the District Court of Karnes County, Texas, the sentence being for not less than two nor more than five years. It was further shown that Relator has credit for 3 years, 2 months and 26 days on such sentence for time served and earned in the penitentiary.

The copy of the judgment entered in said Cause No. 2881 offered in evidence shows that Relator waived a jury, and entered a plea of guilty. It further shows the punishment assessed by the court to be for "not less than 2 years nor more than 5 years."

It is upon such indefinite and uncertain punishment that Relator bases his contention that the judgment is void and his confinement therefore illegal. He cites and relies upon Ex parte East, Tex.Cr.App., 225 S.W.2d 833; Ex parte Traxler, 147 Tex.Cr.R. 661, 184 S.W.2d 286; and Edwards v. State, Tex.Cr.App., 219 S.W.2d 1022.

After the hearing, Judge Rogers granted the writ and ordered that it be made returnable before this court, as provided by Art. 119, Vernon's Ann.C.C.P.

In addition to the findings of Judge Rogers, it has now been made to appear by certified copy from the minutes of the District Court of Karnes County, Texas, that the judgment as entered in said Cause No. 2881 has been corrected by entry nunc pro tunc of the judgment actually rendered by the judge at the trial.

The minutes now show that the punishment assessed by the trial judge was for a term of five years.

The judgment actually pronounced on the trial and now shown in the records is not subject to the attack made, and Relator appears to be lawfully restrained under such conviction.

The relief prayed for is therefore denied.

Opinion approved by the Court.