EX PARTE W. C. STANSBURY.

No. 24874. June 14, 1950.

*Bracewell and Wright,* Huntsville, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator's petition for writ of habeas corpus addressed to District Judge Max M. Rogers represents that he is illegally incarcerated in the penitentiary of Texas, under the following convictions in the Seventh District Court of Smith County, Texas:—

Cause No. 14,508, Passing a forged instrument.

Cause No. 14,509, Passing a forged instrument.

Cause No. 14,605, Felony theft.

He represents that each of such convictions are void for the reason that the judgments on a plea of guilty before the judge are each indefinite and uncertain as to the punishment assessed against him.

Upon a hearing before Judge Rogers, certified copies of the judgment and sentence in each of said causes, as filed with the Bureau of Records and Identification of the Texas Prison System were offered in evidence and have since been transmitted to this court. Such judgments contain the following recitations as to the punishment assessed by the trial judge:

Cause No. 14,508, dated November 9, 1948, "That the said defendant be punished by confinement in the penitentiary of the State of Texas for a term of not less than two nor more than three years."

Cause No. 14,509, dated November 9, 1948, "That the said defendant be punished by confinement in the penitentiary of the State of Texas for a term of not less than two nor more than three years."

Cause No. 14,605, dated March 21, 1949, "That the said defendant be punished by confinement in the penitentiary of the State of Texas for a term of not less than two years, nor more than eight years."

If, in fact, no definite punishment was assessed by the judge in the judgment pronounced by him, or by a separate order, and the judgment actually pronounced is as shown by such certified copies, then they are insufficient to support the sentence pronounced thereon. See Ex Parte East 154 Tex. Cr. R. 12, 225 S.W. 2d 833; Ex Parte Traxler, 147 Tex. Cr. R. 661, 184 S.W. 2d 286; and Edwards v. State, 152 Tex. Cr. R. 301, 219 S.W. 2d 1022.

On the other hand, if in fact a definite punishment was assessed against relator, and the recitations in the judgments as entered are the result of a clerical error, or if there be clerical errors in the copies furnished to the Texas Prison System in this regard, then such clerical errors or omissions may be corrected by nunc pro tunc entry in the manner provided by law so as to make the records speak the truth.

And in such event the irregularities would not affect the validity of the convictions.

Judge Rogers neither granted the writ and made it returnable before this court, as provided in Art. 119, Vernon's Ann. C.C.P., nor did he refuse the writ.

Having been certified to this court by Judge Rogers, such application for habeas corpus has been considered as though originally filed here.

And the record was heretofore transmitted by order of this court to the Seventh Judicial District Court of Smith County, Texas, where the convictions were had, with instructions to the judge presiding in said court as follows:

"To ascertain the facts as to the judgments actually pronounced, the judgment entered and the copies thereof as appear in this record, and to take such steps as may be necessary to correct clerical errors, if such there be, in the entry of the said judgments so as to truly reflect the judgments actually rendered and pronounced in said causes.

"And the judge of said court will transmit to this court, correct copies of the judgments as actually pronounced by the court at the trial, and as shown by the minutes of said court when so transmitted."

It now appears from the record transmitted to this court, in pursuance of such directive, that the judgments in each of said causes as actually rendered by the court on the trial were not subject to the attack made, the punishment in said cases having been assessed by the court at confinement in the penitentiary as follows:

Cause No. 14,508—three years.

Cause No. 14,509—three years.

Cause No. 14,605—eight years.

The entry of the judgments assessing indefinite terms being shown to have been by clerical error, proper judgments were entered nunc pro tunc so as to make the records speak the truth.

It now appears that relator is lawfully confined in the penitentiary under such convictions.

The writ is therefore denied and relator is remanded.

Opinion approved by the court.