EX PARTE ROY BOYD CLUBB.

No. 25152. December 6, 1950.

No attorney for relator of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

This is a proceeding by Roy Boyd Clubb, an inmate of the penitentiary, seeking his release because of a void judgment entered on his plea of guilty before the court, without a jury, in the 46th District Court of Wilbarger County, Texas, on the 14th day of January, 1946. The punishment assessed by the judgment reads: "* * * that he be punished by confinement in the State Penitentiary for a term of not less than five years nor more than fifteen years * * *."

We have frequently held such judgments to be void for uncertainty unless it contains a jury finding by which it may be made certain.

The procedure herein is quite irregular. It was filed in the 46th District Court of Wilbarger County on November 9th, 1950.

It appears from the order entered on the 15th day of November, 1950, that relator was brought from the penitentiary for a hearing in the district court of Wilbarger County, before the district judge. This procedure was held improper in Ex Parte Benson, 153 Texas Crim. Rep. 598, 223 S.W. 2d 934, from which we quote at page 935:

"Article 119, C.C.P., authorizes the Court of Criminal Appeals to direct a district judge to take testimony in such proceedings and certify the same to this court. A district judge has no such power. It is our construction, however, that this Article authorizes this court to procure other evidence. While the District Judge of Denton County had no authority to transfer the matter to Bexar County, and the judge who heard the same had no authority to issue any order thereon, we do hold that this court has the authority to consider the evidence thus presented. This we are doing in this case in the interest of time. Had the certificate come to this court direct from the District Judge of Denton County, without the evidence accompanying it, the application is in such condition that evidence would not have been required and the State of Texas would have been saved the expense of transporting the prisoner to Bexar County for a hearing, as well as other expense in connection with the same. We wish to call attention to the language of Art. 119, C.C.P., directing the judge receiving the application, in case he grants the writ, to certify the same to this court. This he may do after hearing evidence or without it. In the event the application is not in compliance with the requirements of Article 126, C.C.P., it would then be the duty of the district judge to refuse the writ. From that order there is no appeal. Ex parte Montgomery, 153 Tex. Cr. Rep., 603, 223 S. W. 2d 932."

The case now before us is on a parallel with the Benson case and, as suggested by the state's attorney, we are considering this case not as one on appeal from Wilbarger County, because no appeal will lie in such matters, but we are filing it as an original application and accept the evidence certified by the district clerk as sufficient to show the improper judgment, which is void on its face.

It appears that there is still a lack of understanding about the authority of a district judge in cases where the relator is seeking release from the penitentiary, though the language of the statute is clear. See Art. 119, Vernon's Ann. C.C.P. When the application is presented to the judge he has power to hear evidence, if he desires, to determine whether or not he shall issue the writ prayed for, but not on the question of his release from the penitentiary. In the event he grants the writ, the only order he can make, after granting the writ, is to certify the case to the Texas Court of Criminal Appeals for a hearing on its merits. If, in the opinion of this court, evidence should be obtained, we will proceed to do so. Generally we direct the dis-

trict judge of the proper court to hear evidence on such questions as we deem to be in issue and certify the same to this court. Upon that evidence we make the proper order. Under the plain language of the statute, the trial judge has no power to order the release of a prisoner from the penitentiary.

We are not advised on all necessary facts of this case. If relator has pending other judgments and sentences which he has not served he is not released from them. The effect of our decision is to order his release from any confinement because of the plea of guilty and sentence in cause No. 4389, of date January 14th, 1946, in the district court of Wilbarger County, Texas, and not otherwise. He is in the same position as though he had never been tried in this case.