**Ex Parte David PENA, Applicant.**

**No. 74,035.**

Court of Criminal Appeals of Texas.

March 13, 2002.

John Gilmore, Corpus Christi, for Appellant.

Stephen A. Giovannini, Asst. DA, Corpus Christi, Matthew Paul, State's Atty., Austin, for State.

## OPINION

The opinion of the Court was delivered PER CURIAM.

In his application for a writ of habeas corpus, Mr. Pena requests relief from his conviction for deadly conduct because the jury did not impose a fine as a part of his punishment, but the written judgment includes a $10,000 fine as well as the jury-assessed ten year probated prison sentence. Applicant argues that he is entitled to habeas corpus relief because the fine was "unauthorized by law" and thus his sentence is void.[1] We disagree. Applicant's judgment could have been *inaccurate* in that it was inconsistent with the jury's verdict, but it is neither "void" nor "illegal." [2] And a claim that a judgment is inaccurate, which is neither a claim of jurisdictional defect[3] nor of a violation of

---

1. Applicant's ground to habeas relief is stated: The trial court committed fundamental error when it ordered the appellant to pay a $10,000.00 fine as a condition of his community service after a jury had refused to impose a fine; and thereafter, the court committed error by revoking community supervision based on that void sentence.

2. A "void" or "illegal" sentence is one that is not authorized by law. *See Ex parte Johnson,* 697 S.W.2d 605, 606–07 (Tex.Crim.App.

1985). For example, had the jury assessed Mr. Pena a $20,000 fine, that sentence would be void and illegal because Texas statutes only permit a maximum of a $10,000 fine. *Id.* Here, a $10,000 fine *is* legal and is authorized by statute, but the jury did not assess any such fine.

3. *I.e.,* the trial court never had personal or subject matter jurisdiction over the defendant.

constitutional or fundamental rights,[4] is not a basis for habeas relief under article 11.07 of the Texas Code of Criminal Procedure.[5]

█ In any event, even assuming Pena had raised a cognizable complaint, he is not entitled to relief here—where the record reflects he waived error by not complaining at the time the $10,000 fine was imposed or on direct appeal.

It is undisputed that the jury found Pena guilty and recommended that the judge place Pena on community supervision. The judge followed that recommendation, placing Pena on community supervision for ten years and imposing a number of conditions. Defense counsel's affidavit reflects that the prosecutor requested that Pena serve 180 days in jail as a condition of probation. The judge denied that request but imposed a $10,000 fine. The State asserts that this was a *quid pro quo*—the judge imposed the fine instead of the jail time. Defense counsel swears by affidavit that, after the hearing, he told Pena that he "questioned the legality of the fine" and explained to Pena that "he had the option to appeal, or to file a motion to reconsider the sentence." But Pena elected not to pursue these options. Indeed, Pena initially did appeal, but later moved to dismiss the appeal, and the appellate court dismissed the appeal on his motion.[6]

At Pena's later revocation hearing, the judge stated that the jury had found Pena guilty and his "punishment was set at ten years imprisonment and a fine of $10,000." Pena's counsel interrupted the judge and clarified that "[t]he jury found no fine," but rather, "[w]hen the Court imposed its sentence, the fine was imposed." Defense

---

4. *See, e.g., Ex parte Drake*, 883 S.W.2d 213, 215 (Tex.Crim.App.1994) (habeas corpus is reserved for those instances in which there is a jurisdictional defect in the trial court which renders the judgment void or for denials of fundamental or constitutional rights); *Ex parte Watson*, 601 S.W.2d 350 (Tex.Crim.App. 1980) (post-conviction writ of habeas corpus is limited, and "lies only to review jurisdictional defects or denials of fundamental or constitutional rights"); *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex.Crim.App.1989).

5. This Court long ago held that a writ of habeas corpus does *not* lie to correct an inaccurate criminal judgment, and that the proper mode of correction is a nunc pro tunc motion and order. *Ex parte Patterson*, 139 Tex.Crim. 489, 496, 141 S.W.2d 319, 323 (1940) (a mere irregularity in a judgment may be corrected by nunc pro tunc proceeding, but "the matter was not a subject for the granting of the writ of habeas corpus") (citing *Ex parte Beeler*, 41 Tex.Crim. 240, 241, 53 S.W. 857, 857 (1899)); *see also Ex parte Hannen*, 155 Tex.Crim. 10, 13, 228 S.W.2d 864, 866–67 (1950) (judgment may be held "void for want of a definite punishment having been in fact assessed," but if "a definite punishment was assessed and the entry of a judgment showing otherwise was by a clerical error, the judgment may be

corrected by the court ... to make the record speak the truth, by nunc pro tunc entry of the judgment as same was actually rendered in the case when tried"); *Ex parte Stansbury*, 155 Tex.Crim. 73, 74, 231 S.W.2d 431, 432 (1950) (same); *Ex parte Wingfield*, 162 Tex. Crim. 112, 113, 282 S.W.2d 219, 219 (1955) ("[i]f the error was in the entry of judgment and not in the pronouncement, the judgment was not void and was subject to correction by nunc pro tunc proceedings"). However, a nunc pro tunc motion and order might not lie to correct the judgment here, assuming it were inaccurate, because the purpose of a *nunc pro tunc* order is to correct clerical errors in the judgment records of the trial court. A clerical error is one that does not result from any judicial reasoning or determination. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.Crim.App.1980). And any error here apparently resulted from a judicial determination. Rather than being mistaken or inadvertent, it appears undisputed that the trial court intentionally imposed the $10,000 fine.

6. *Pena v. State*, No. 13–99–099–CR (Tex.App.-Corpus Christi, opinion delivered October 21, 1999) (not designated for publication).

counsel then stated, "We're not contesting it." Pena's decision not to contest the fine makes sense, if it were imposed in lieu of jail time. Pena apparently liked this result; he decided not to appeal it even though he clearly could have and was aware that he could have done so.

In response to Pena's writ application, the trial court found that Pena "was made aware that he could object to the imposition of the fine ... but he chose not to do so." We agree. Based on this record, we conclude that Pena affirmatively waived any complaint about the imposition of the fine.

Therefore, we dismiss Mr. Pena's application. Even if Mr. Pena had alleged a constitutional or jurisdictional defect, he would not be entitled to habeas corpus relief because he could have, and should have, complained about the fine at the time it was imposed or on direct appeal.[7]

KEASLER, J., concurred in the disposition.

HOLCOMB, J., delivered a dissenting opinion, joined by PRICE, J.

HOLCOMB, J., filed a dissenting opinion in which PRICE, J., joined.

The facts in this case are not complicated. On August 22, 1996, a Nueces County grand jury indicted applicant for felony deadly conduct. *See* Tex. Pen.Code § 22.05(b)(2). On December 10, 1996, applicant pled guilty and elected to have a jury assess his punishment. *See* Tex.Code Crim. Proc. art. 37.07, § 2(b)(2). The jury assessed applicant's punishment at imprisonment for ten years and a "$0" fine. In addition, the jury recommended that applicant be placed on community supervision. On the same day, the trial court entered a sentence of imprisonment for ten years *and a fine of $10,000.* The court then suspended the imposition of the sentence and placed applicant on community supervision for a period of ten years. The court admonished applicant of his right to appeal and released him to community supervision. Later that day, applicant's trial counsel informed him that the fine imposed by the judge may have been "illegal" and that he may want to appeal the sentence. Applicant did not appeal.

On December 28, 1998, the State filed a motion to revoke applicant's community supervision. On February 12, 1999, the trial court held a hearing to consider the motion to revoke. Applicant, represented by appointed counsel, pled true to most of the allegations in the motion. After hearing the evidence, the court found that applicant had committed the violations alleged in the motion to revoke. The court then revoked applicant's community supervision and imposed the original sentence *as modified by the trial court.*

On August 4, 2000, applicant filed an application for a writ of habeas corpus in the trial court. Applicant argued, *inter alia,* that since he elected to have the jury assess punishment and the jury imposed no fine, the trial court could not lawfully impose a fine as part of the sentence. Applicant further argued that the portion of the resulting sentence that imposed the

---

7. *See Ex parte Bagley,* 509 S.W.2d 332, 334 (Tex.Crim.App.1974) (holding that "the contemporaneous objection rule serves a legitimate State interest in this question, and that the failure of petitioner, as defendant, to object at the trial, and to pursue vindication of a constitutional right of which he was put on notice on appeal, constitutes a waiver of the position he now asserts" on a writ of habeas corpus); *see also Ex parte Boyd,* 58 S.W.3d 134, 136 (Tex.Crim.App.2001) (citing *Bagley* and noting that "[o]rdinarily, the writ of habeas corpus may not be used to litigate matters that could have been raised at trial and on direct appeal").

illegal fine was "void." Today, the majority concludes that (1) applicant's judgment may have been inaccurate "but it is neither 'void' nor 'illegal'" and therefore is not cognizable on habeas corpus and (2) even if his complaint is cognizable, "he waived error." Because I cannot agree with either of those conclusions, I respectfully dissent.

First of all, in Texas, a defendant has a statutory right to have the jury assess punishment. Tex.Code Crim. Proc. art. 37.07, § 2(b)(2); *Washington v. State,* 677 S.W.2d 524, 527 (Tex.Crim.App.1984), overruled on other grounds, *Bell v. State,* 994 S.W.2d 173 (Tex.Crim.App.1999). If a jury assesses a punishment authorized by the law, the trial court has no power to change that punishment. *Smith v. State,* 479 S.W.2d 680, 681 (Tex.Crim.App.1972); *Castro v. State,* 118 Tex.Crim. 53, 42 S.W.2d 779 (1931). The judge's role in such an instance is merely to incorporate the punishment assessed by the jury into the final judgment.[1]

Here, the jury assessed punishment at imprisonment for ten years *and no fine.* The trial court had a ministerial duty to enter a judgment of punishment exactly as that prescribed by the jury verdict. The trial court, therefore, was without authority to add a fine to the punishment assessed by the jury. Because the trial court was without authority, the resulting fine was *illegal. See* Black's Law Dictionary 747 (6th edition 1990) ("illegal" is

defined as "against or not authorized by the law").

Furthermore, this is not the type of error that can be waived. We have long held that an illegal sentence can always be collaterally attacked. *See Ex parte Seidel,* 39 S.W.3d 221, 225 at n. 4 (Tex.Crim.App. 2001) ("[T]his Court has long held that a sentence is void when the punishment is unauthorized."); *Ex parte Beck,* 922 S.W.2d 181 (Tex.Crim.App.1996) (even where "no direct appeal was taken from the conviction," habeas corpus relief available to correct illegal sentences); *Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App. 1991) (opinion on original submission) ("a defect which renders a sentence void may be raised at any time"); *Ex parte McIver,* 586 S.W.2d 851 (Tex.Crim.App.1979)(habeas corpus relief available to a person in custody under a sentence which is void because the punishment is unauthorized). Moreover, in *McCain v. State,* 67 S.W.3d 204 (Tex.Crim.App.2002) (Holcomb.J., dissenting), I explained:

> [A]s a matter of policy we have tried, in our approach to habeas corpus cognizability, to strike a reasonable balance between a convicted person's interest in the vindication of his legal rights and the State's interest in the finality of convictions. Thus, in a long line of cases, most notably *Heath* and *Seidel,* we have held that some defects, even though they are "just" statutory defects, are so egregious that they are cognizable on habeas

---

1. A "judgment" is the "written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant." Tex.Code Crim. Proc. art. 42.01, § 1. The judgment includes the sentence. *Id.* "The sentence is that part of the judgment ... that orders that the punishment be carried into execution in the manner prescribed by law." Tex.Code Crim. Proc. art. 42.02. We have interpreted Article 42.02 to mean that "a sentence is nothing more than the portion of the judgment setting out the

terms of the punishment." *State v. Ross,* 953 S.W.2d 748, 750 (Tex.Crim.App.1997). Thus, if a defendant elects jury sentencing, and the jury returns a verdict authorized by law, the judge's only task is to incorporate the punishment assessed by the jury into the judgment. There is no room for discretion. The trial court cannot, for example, increase or decrease the years of imprisonment, nor can it increase or decrease the amount of any fine assessed by the jury.

corpus. *See Heath,* 817 S.W.2d at 336; *Seidel,* 39 S.W.3d 221 at 225; *Ex parte McIver,* 586 S.W.2d 851 (Tex.Crim.App. 1979). In *Heath,* we characterized these defects as rendering the conviction "void." 817 S.W.2d at 336. However, we could have properly characterized as "fundamental" errors those "unauthorized sentences" and "statutory defects" which render a sentence void. No matter what we choose to call these "errors," the underlying purpose is the same: *to balance a convicted person's interest in the vindication of his legal rights and the State's interest in the finality of convictions.*

The State's interest in finality is not implicated in this case. Applicant does not complain that he is entitled to a new trial or a new sentencing hearing. He merely asks that we recognize his fundamental legal right to have the jury assess punishment and reform the judgment to reflect the punishment actually assessed by the jury.

Relief could easily be granted in this case by simply deleting the illegal fine. In refusing to grant relief, the majority continues to disregard both our precedents[2] and the dictates of the Legislature.[3] Thus, Mr. Pena will end up being liable for a $10,000 fine that the jury did not assess. This is unjust.

---

2. *See, e.g., McCain v. State,* 67 S.W.3d 204 (Tex.Crim.App.2002).

3. *See, e.g., Id.; Ex parte Graves,* 70 S.W.3d 103 (Tex.Crim.App. 2002).