IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,811






EX PARTE TORRE RAMIREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM BRAZORIA COUNTY






 Per Curiam.



O P I N I O N




 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Article 11.07, V.A.C.C.P. Applicant pleaded guilty to felony driving while
intoxicated and was sentenced to six years in prison. No direct appeal was taken from this
conviction.

 Applicant contends that TDCJ has improperly denied him release to mandatory
supervision. The record indicates that the Applicant was previously charged with and 
convicted of the second degree felony offense of burglary of a habitation, in cause number
32,387, which was enhanced, for punishment purposes, to a first degree felony; however, the
judgment erroneously reflects that the Applicant's offense was a first degree felony. Further,
based on this mislabeling of Applicant's prior offense as a first degree felony, the Applicant
has been determined not to be eligible for release on mandatory supervision in the instant
offense. V.T.C.A. Gov't Code §508.149(a)(13). 

 The Applicant is entitled to relief. The judgment, in cause number 32,387, should have
reflected that the Applicant was actually convicted of a second degree felony. (1) Further,
because this prior second degree felony offense of burglary of a habitation is eligible for
mandatory supervision release, as it is not listed among the offenses ineligible for such release
under V.T.C.A. Gov't Code §508.149, the Applicant is eligible for mandatory supervision on
the instant offense. Consequently, the Texas Board of Pardons and Paroles shall review
Applicant for release to mandatory supervision after providing him with adequate timely notice
of the date upon which that review is to take place so that he can supply any information that
he might wish to provide prior to the actual date of consideration. Copies of this opinion
shall be sent to the Texas Department of Criminal Justice, Institutional Division, Paroles
Division, and the Board of Pardons and Paroles.

DELIVERED: October 22, 2003

DO NOT PUBLISH 
1. The Applicant is not presently challenging this burglary of a habitation conviction in the instant
application, but given that the error in the judgment in that case is clearly a mistake, the proper mode of
correction is by nunc pro tunc motion and order to be filed with the court of conviction. See Ex parte
Pena, 71 S.W.3d 336, 336-37 (Tex. Crim. App. 2002).