IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,101






EX PARTE BRADLEY DALE HARTSELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NUMBER 3730 IN THE 109TH JUDICIAL DISTRICT COURT

ANDREWS COUNTY






 Per Curiam.



O P I N I O N



 This is a post-conviction application for a writ of habeas corpus filed pursuant to
Article 11.07, Texas Code of Criminal Procedure. Applicant was convicted of forgery, and
punishment was assessed at confinement for six years. No direct appeal was taken. Applicant contends that his sentence is illegal because it was improperly enhanced. 
A claim that a sentence is not authorized by law because it exceeds the statutory maximum
may be raised at any time. See Ex parte Pena, 71 S.W.3d 336, 337 at n. 2 (Tex. Crim. App.
2002). Applicant was convicted of a state jail felony and his sentence was enhanced to a
second degree under Texas Penal Code, § 12.42(a)(2). The terms "felony" and "state jail
felony," as used in subsection 12.42(a), are mutually exclusive. See Campbell v. State, 49
S.W.3d 874, 878 (Tex. Crim. App. 2001). Since subsection 12.42(a)(2) only refers to
sequential felonies, the priors must both be non-state jail felonies for Applicant to be subject
to a second degree enhancement. See Id. Although the indictment alleged two prior
sequential felonies, one of the priors was a state jail felony; thus, Applicant's sentence could
not have been enhanced to a second degree. The trial court recommends that relief be
granted.

 Relief is granted. The conviction in cause number 3730 from the 109th Judicial
District Court of Andrews County is set aside and Applicant is ordered remanded to the trial
court to answer the charges against him. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
correctional divisions.


DELIVERED: February 16, 2005

DO NOT PUBLISH