IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-62,099-01






Ex parte ROBERT LYNN PRUETT, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO. B-01-M015-0-PR-B FROM THE 156TH DISTRICT COURT

BEE COUNTY





 Per curiam. MEYERS, J. did not participate.


ORDER




 This is an application for a writ of habeas corpus filed pursuant to the provisions of Article
11.071 of the Texas Code of Criminal Procedure.

 On April 30, 2002, the applicant was convicted of the offense of capital murder. The jury
answered the special issues in the State's favor, and the applicant was sentenced to death. (1) This
Court affirmed the applicant's conviction and sentence on direct appeal. (2) 

 In his application, the applicant presents thirteen allegations in which he challenges the
validity of his conviction and resulting sentence. The trial court held an evidentiary hearing and
entered findings of fact and conclusions of law. The trial court concluded that the applicant's
allegations were without merit, with the exception of his tenth and eleventh grounds for relief. With
regard to the tenth and eleventh grounds, the trial court found "fundamental and material violations
of the Constitution, the Rules of Evidence, and the trial court's pretrial discovery" and recommended
that the applicant's conviction be set aside. This conclusion was premised in part upon the notion
that "[t]he accused has the right to inspect evidence material to his defense." The items of evidence
in question were statements by two witnesses that the applicant had admitted to stabbing the victim.

 This Court has reviewed the record with respect to the allegations made by the applicant. We
adopt the trial court's findings of fact and conclusions of law, except for the trial court's findings and
conclusions on grounds ten and eleven. According to the United States Supreme Court, "There is
no general constitutional right to discovery in a criminal case." (3) Although the Due Process Clause
confers upon defendants a right to be informed about the existence of exculpatory evidence, it does
not require the prosecution to "reveal before trial the names of all witnesses who will testify
unfavorably." (4) As for the trial court's conclusion that the failure to reveal the inculpatory statements
also violated the rules of evidence and the trial court's discovery order, such violations, even if they
occurred, would not be grounds for relief on habeas corpus. (5)

 We deny relief.

 IT IS SO ORDERED THIS THE 19th DAY OF OCTOBER, 2005.

Publish
1. See Tex. Code Crim. Proc., Art. 37.071.
2. Pruett v. State, No. 74,370 (Tex. Crim. App., September 22, 2004).
3. Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Ruiz, 536 U.S. 622,
629 (2002).
4. Bursey, 429 U.S. at 559.
5. Ex parte Pena, 71 S.W.3d 336, 336-337 (Tex. Crim. App. 2002)(habeas relief
unavailable for a claim that does not involve a jurisdictional defect or a violation of
constitutional or fundamental rights).