

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00101-CR

## EX PARTE DAVID WAYNE SHIPMAN

**From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. H200900001**

## MEMORANDUM OPINION

David Wayne Shipman filed an application for habeas corpus with the trial court alleging that his sentence for a 1987 conviction for driving while intoxicated was illegal. TEX. CIV. STAT. ANN. art. 6701*l*-1(c) (Repealed by Acts 1993, 73rd Leg., ch. 900, § 1.15, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 318, § 63, eff. Sept. 1, 1995). The trial court denied the writ, and Shipman appeals. Because the sentence was not illegal, we affirm the trial court's judgment.

An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). A "void" or "illegal" sentence is one that is not authorized by

law and is cognizable on a writ of habeas corpus. *See Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002); *see also Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006). "A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

The resolution of this case depends on whether Shipman's sentence is illegal. Shipman argues that the maximum sentence he could have received for his driving while intoxicated conviction was 180 days. Because the trial court sentenced him to "6 months" which could be up to 181 days, the argument continues, his sentence was outside the maximum range and, therefore, illegal. However, at the time Shipman was sentenced for driving while intoxicated, the range of punishment available was 72 hours to two years. *See* TEX. CIV. STAT. ANN. art. 6701*l*-1(c) (Repealed by Acts 1993, 73rd Leg., ch. 900, § 1.15, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 318, § 63, eff. Sept. 1, 1995). Because Shipman's sentence was within the range of punishment applicable for an offense committed in 1987, his sentence was not illegal. Consequently, the trial court did not abuse its discretion in denying Shipman's writ of habeas corpus.

Shipman's sole issue is overruled, and the trial court's order denying Shipman's application for writ of habeas corpus is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed October 28, 2009
Do not publish
[CR25]