

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,585

### EX PARTE JAMES HARRISON MULVEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR26545-A IN THE 75TH DISTRICT COURT
### FROM LIBERTY COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of hindering apprehension or prosecution and sentenced to ten months' imprisonment in a state jail facility. He did not appeal his conviction.

Applicant contends that his sentence is illegal and that trial counsel was ineffective. The trial court held a hearing in the presence of the State and announced findings of fact and conclusions of law determining that although Applicant was charged with a third-degree felony, he was admonished

of the range of punishment for a state jail felony and, after revocation of community supervision, was sentenced to time in a state jail felony facility. The trial court noted that it had issued a judgment *nunc pro tunc* changing the offense to attempted hindering apprehension or prosecution of a known felon. The court concluded that the sentence is illegal, the judgment *nunc pro tunc* is a "nullity," and applicant is entitled to relief.

"A 'void' or 'illegal' sentence is one that is not authorized by law." *Ex parte Pena*, 71 S.W.3d 336, 337 n.2 (Tex. Crim. App. 2002). In this case, Applicant waived indictment and was charged by information of the Class A misdemeanor of hindering apprehension or prosecution. TEX. PEN. CODE § 38.05(a). Though the plea paperwork and the judgments in the habeas record refer to the offense as "hindering apprehension/prosecution known felon," the charging instrument contains no allegations that would make the offense a third degree felony. TEX. PEN. CODE § 38.05(c). In this case, Applicant's state jail felony sentence is not authorized by law.

Relief is granted. The judgment in Cause No. CR26545-A in the 75th Judicial District Court of Liberty County is set aside, and Applicant is remanded to the custody of the sheriff of LIBERTY County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 22, 2011
Do Not Publish