IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,585






EX PARTE JAMES HARRISON MULVEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR26545-A IN THE 75TH DISTRICT COURT


FROM LIBERTY COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of hindering
apprehension or prosecution and sentenced to ten months' imprisonment in a state jail facility. He
did not appeal his conviction. 

 Applicant contends that his sentence is illegal and that trial counsel was ineffective. The trial
court held a hearing in the presence of the State and announced findings of fact and conclusions of
law determining that although Applicant was charged with a third-degree felony, he was admonished
of the range of punishment for a state jail felony and, after revocation of community supervision, was
sentenced to time in a state jail felony facility. The trial court noted that it had issued a judgment
nunc pro tunc changing the offense to attempted hindering apprehension or prosecution of a known
felon. The court concluded that the sentence is illegal, the judgment nunc pro tunc is a "nullity," and
applicant is entitled to relief. 

 "A 'void' or 'illegal' sentence is one that is not authorized by law." Ex parte Pena, 71
S.W.3d 336, 337 n.2 (Tex. Crim. App. 2002). In this case, Applicant waived indictment and was
charged by information of the Class A misdemeanor of hindering apprehension or prosecution. Tex.
Pen. Code § 38.05(a). Though the plea paperwork and the judgments in the habeas record refer to
the offense as "hindering apprehension/prosecution known felon," the charging instrument contains
no allegations that would make the offense a third degree felony. Tex. Pen. Code § 38.05(c). In this
case, Applicant's state jail felony sentence is not authorized by law. 

 Relief is granted. The judgment in Cause No. CR26545-A in the 75th Judicial District Court
of Liberty County is set aside, and Applicant is remanded to the custody of the sheriff of LIBERTY
County to answer the charges as set out in the information. The trial court shall issue any necessary
bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: June 22, 2011

Do Not Publish