# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00361-CV

**In re Gary Whiddon**

## ORIGINAL PROCEEDING FROM TOM GREEN COUNTY

## M E M O R A N D U M   O P I N I O N

Gary Whiddon, an inmate proceeding pro se, has filed a petition for writ of mandamus asking us to order the district court to reform what Whiddon characterizes as an illegal restitution order. He further asks us to order the Texas Board of Pardons and Paroles to return the full amount of restitution that he has already paid.

Whiddon filed a similar petition for writ of mandamus with the district court. In a December 2011 order denying the petition, the district court noted that Whiddon was requesting relief from a judgment of conviction entered in 1994, that Whiddon had previously made a similar request that was denied by the district court in 2000, and that Whiddon was not entitled to the relief requested.

A complaint relating to a restitution order must be made at the time it was imposed or on direct appeal from the judgment of conviction. *See Ex parte Pena*, 71 S.W.3d 336 (Tex. Crim. App. 2002). Whiddon has failed to do so. Also, Whiddon has failed to provide us with a copy of the restitution order or any documentation showing the amount of restitution that he has allegedly paid. Thus, even if Whiddon's complaint was properly before us, he has failed to

provide us with a sufficient record showing that he is entitled to the extraordinary relief he seeks. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Moreover, to the extent that Whiddon is asking us order the Board of Pardons and Paroles to return the amount of restitution that he has already paid, a court of appeals is not authorized to issue writs of mandamus against the Board of Pardons and Paroles unless it is necessary to enforce the appellate court's jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a); *see also In re Vineyard*, No. 04-07-00666-CV, 2007 Tex. App. LEXIS 8624, at *2-3 (Tex. App.—San Antonio Oct. 31, 2007, orig. proceeding) (per curiam). Whiddon has not shown that the issuance of a writ against the Board of Pardons and Paroles is necessary to enforce this Court's jurisdiction.

The petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).


_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:   July 3, 2012

2