# PD-1506-15

Abel Acosta, Clerk

NOV 1 9 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

NO._____

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

BILLY WAYNE WILLIAMS

V.

THE STATE OF TEXAS

---

FILED IN
COURT OF CRIMINAL APPEALS

NOV 20 2015

Abel Acosta, Clerk

From Appeal No.05-15-01148-CR

Trial Cause No. F03-00824-W

363rd Judicial District Court

dallas County, Texas

---

## FIRST MOTION FOR EXTENSION OF TIME TO FILE
## PRO SE PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes Now, Billy Wayne Williams, Petitioner Pro se and pursuant to TRAP. Rule 68.2(c), AND files this Motion for an extension of Sixty (60) days in which to file a Pro se Petitition for Discretionary Review. In support of this Motion the Petitioner shows the Court as follows:

I.

On October 21, 2015, the Court of Appeals for the Fifth District of Texas at Dallas, Texas entered Order before Justices, LANG, EVANS And WHITEHILL, Denying Petitioner's Timely Motion for Rehaering in said Causes.

TRAP. Rule 68.2(a), pertinent here provides: "Time to File." (a) "First Petition. "The petition must be filed within -30- days after either the day the court of appeals judgement was rendered OR THE DAY THE LAST TIMELY MOTION FOR REHEARING Or Timely Motion for En Banc Reconsideration was overruled by the court of appeals.

II.

The present deadline for filing the desired pro se Petition for Discretionary Review is November 21, 2015. And the Petitioner has not requested any previous extension prior to this request in this instant appeal.

## III.

Petitioner's request for an extension is based on the following facts: Petitioner was not served with a copy or a written document filed ex parte with the Fifth Court of Appeals, identified only as: "WRITTEN VERIFICATION FROM THE DALLAS COUNTY DISTRICT CLERK"S OFFICE THAT THERE WERE NO NEW ORDERS ENTERED IN THE CASE." Which was used ex parte to dismiss the appeal for lack of jurisdiction. Which to the contrary the Dallas County District Clerk notified TDCJ-ID., Law Library Officials that Orders had been entered in the case Dismissing/Denying Petitioner's previously pending Nunc Pro Tunc and Recusal proceedings before the trial court; The TDCJ-ID., Law Library Supervisor conducts an A.D.03.72, Legal Material Storage Review every 90 Days and considers any Legal Material excessive which is no longer needed to litigate any Inactive Dismissed Cases, then confiscate and destroy any legal material no longer necessary for litigation in State or Federal Courts; The Fifth Court of Appeals refused and never considered to make a copy of such Disputed Written Verification available as was made issue on timely Motion for Rehearing; The Clerk of the Fifth Court of Appeals has refused, failed and neglected to make the Disputed Written Verification available for a copying fee or free of charge upon Petitioner's numerous request; Petitioner cannot protect his right to appeal without being served or furnished a true and correct copy of the disputed Ex Parte document; The Dallas County District Clerk and TDCJ-ID., A. Hughes Unit Law Library Supervisor, Ms. Brittany Hamilton were/are made Parties to the Appeal for providing Constructive or False Notice that Petitioner's Pro se proceedings had been previously Denied or Dismissed which in fact triggered the filing of timely Pro se Notice of Appeal; Petitioner in face of the Clerk for the Fifth Court of Appeals anticipates complaining to that Court's presiding Chief Justice Hon. Carolyn Wright in that her Clerk has failed,neglected and refused to provide a copy of the ex parte document or even any information as to its availability or cost since last specific request for same as of November 3, 2015: The Written Verification from the Dallas County District Clerk as was filed ex parte with the Fifth Court of Appeals is necessary to litigate this appeal to a just conclusion and prevent repetitive Premature Notices and Attempted Appeals premised upon False or inaccurate information to be provided every -90- days during TDCJ-ID's A.D.03.72 legal reviews.

## IV.

"Rule 18a(f),TRCP., now 18a(j)(1)(A),expressly provides for Appellate review from a final judgement after denial of a Recusal Motion, . . . if the Appellate Court determines that the trial judge should have recused himself. The Appellate Court can reverse the trial court's judgement. IN RE UNION PACIFIC RESOURCES CO., 969 SW.2d. 427 (TEX. 1998).

2.

"An appeal, not writ of habeas corpus was proper to review Nunc Pro Tunc Order sentencing accused." EX PARTE STANFORD, 271 SW. 924 (CR.APP. 1925).

"If the error was in the entry of judgement and not in the pronouncement, the judgement is not void and was subject to correction by NUNC PRO TUNC PROCEEDINGS." EX PARTE WINGFIELD, 282 SW.2d. 219 (1925).

"A Nunc Pro Tunc Order should be granted or refused as justice may require in view of the circumstances." MITCHELL V. EVERMAN, 4 OHIO F. DEC. 656, 103 U.S. 62, 25 L.Ed. 369 (1880).

TRAP. Rule 27.1(b), pertinent here provides: "PREMATURELY FILED NOTICE OF APPEAL." (b) Criminal Cases. "In a criminal case, a prematurely filed Notice of Appeal is effective and deemed filed on the same day, but after . . . the Appealable Order is signed by the trial court."

Prisoners have Constitutional Rights of Access to Courts and access must be Menaingful, adequate and effective." USCA. CONST. AMEND.14. BOUNDS V. SMITH, 97 S.CT. 1491 (1977). "Like others, prisoners have Constitutional right to Petition government for Redress of their Grievances, which includes reasonable access to the Courts." HUDSON V. PALMER, 104 S.CT. 3194 (1984).

"A State cannot escape its Constitutional obligation by the simple device of denying jurisdiction of cases to courts otherwise competent." See also ANGEL V. BULLINGTON, 67 S.CT. 657 (1947). "Questions of jurisdiction may be raised at any time." CITY OF GAINSVILLE V. BROWN-CRUMMER INV. CO., 48 S.CT.454 (1928).

"An objection to the jurisdiction raises the question of whether the action of the court is judicial or extrajudicial, with or without authority of law, to render judgement or decree on rights of the litigants." STATE OF RHODE ISLAND V. COM., OF MASS., 37 U.S. 657, 12 PET. 657, 9 L.ED. 1233 (1838).

Petitioner raised challenges and objections to the Fifth Court of Appeals' jurisdiction in the timely filed Motion for Rehearing, which was just simply ignored and unaddressed and never decided before this cause proceeded further. Which will be made issue on pro se PDR.

"A Defendant does not preclude himself from raising the question of jurisdiction by interposing a plea of former adjudication and waiting until its decided against him. The Court is bound, even of it's own motion, to determine questions of jurisdiction whenever and however they are prsented." See also MORRIS V. GILMER, 9 S.CT. 289 (1889).

Petitioner has been attempting to gain legal representation in this matter, but is financially unable to retain or hire an attorney and has proceeded in the lower courts In Forma Pauperis and his financial circumstances have not changed.

WHEREFORE Permises Considered, Petitioner prays this Court grants his Motion and extend the deadline for filing the Petition for Discretionary Review up and until Sixty days after ruling thereof.

Dated: 11/13/15

Respectfully submitted,

Billy Wayne Williams #1267302
Rt. 2 Box 4400
A.Hughes Unit
Gatesville, Texas 76597
-Petitioner Pro se-

3.

## CERTIFICATE OF SERVICE

I, hereby the undersigned Petitioner pro se certify that a true and correct copy of the above and foregoing First Motion for Extension of Time to file his Petition for Discretionary Review, has been served on opposing counsel representing the State by depositing same in the U.S. Postal Service first class mail, postage prepaid on this 13TH day of November, 2015, addressed as follows: STATE PROSECUTING ATTORNEY, P.O. BOX 13046, AUSTIN, TEXAS 78711.

Billy Wayne Williams #1267302
Petitioner Pro Se

## UNSWORN DECLARATION

I, Billy Wayne Williams, TDCJ-ID# 1267302, being presently incarcerated in the Hughes Unit of the Texas Department of Criminal Justice-Institutional Division in Coryell County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct.

EXECUTED ON: 11/13/15

Billy Wayne Williams #1267302
Signature & TDCJ# of Declarant

4