COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

                                                                              )

                                                                              )

                                                                              )              
No.  08-05-00352-CR

                                                                              )

IN RE:  RICARDO ROCHA MORENO              )     AN ORIGINAL
PROCEEDING

                                                                              )

                                                                              )                 IN MANDAMUS

                                                                              )

                                                                              )

 

 

OPINION
ON PETITION FOR WRIT OF MANDAMUS

 

Relator Ricardo
Rocha Moreno seeks a writ of mandamus directing the trial court to correct an
illegal sentence, in which punishment was improperly enhanced under the state
jail felony statute.  Relator states that
there is no final ruling in the cause and he has not exhausted all
remedies.  This Court has authority to
issue a writ of mandamus in a criminal law matter if two conditions are
met:  (1) there is no adequate remedy at
law; and (2) the act sought to be compelled is ministerial.  Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex.Crim.App. 1991).








A sentence that is
outside the maximum or minimum range of punishment is unauthorized by law and
is therefore illegal.  Mizell v. State,
119 S.W.3d 804, 806 (Tex.Crim.App. 2003). 
A defendant may obtain relief from an unauthorized sentence on direct
appeal or by a writ of habeas corpus.  Id.,
citing Ex parte Pena, 71 S.W.3d 336, 337 n.4, 338 (Tex.Crim.App.
2002).  Thus, we conclude that in this
case Relator has an adequate remedy at law by direct appeal or by a
post-conviction writ of habeas corpus.  

Accordingly, we
deny the petition for writ of mandamus.

 

 

 

December
8, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)