

IN THE
TENTH COURT OF APPEALS

—————————

No. 10-10-00351-CR

IN RE JEFFREY BROOKS

—————————

Original Proceeding

———————————————————————————————————————

MEMORANDUM  OPINION

———————————————————————————————————————

In this original proceeding, Relator Jeffrey Brooks seeks mandamus relief against

Respondent, the Honorable David R. Lloyd, District Clerk of Johnson County.[1]  Brooks

alleges that Mr. Lloyd has failed to correct the appropriate credit for time served in

Brooks's underlying criminal judgment in response to Brooks's alleged filing of a

motion for nunc pro tunc.[2]

---

[1] Brooks's "application" for writ of mandamus has several procedural deficiencies.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *See* TEX. R. APP. P. 52.3(j).  It also lacks an appendix and a certified or sworn record, as required by Rules 52.3(k) and 52.7(a)(1).  *See id.* 52.3(k), 52.7(a)(1).  Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding only.  *Id.* 2.

[2] "[T]he proper mode of correction" of "an inaccurate criminal judgment" is "a nunc pro tunc motion and order."  *Ex parte Pena*, 71 S.W.3d 336, 337 n.5 (Tex. Crim. App. 2002); *see Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).  If the trial court fails to correct it, relief is to be sought by mandamus in the court of appeals.  *Ybarra*, 149 S.W.3d at 149.  "A judgment nunc pro tunc, which literally

A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk except to protect its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004)*; In re Bernard,* 993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). We do not have jurisdiction to decide Brooks's mandamus proceeding against Mr. Lloyd. We thus dismiss it for want of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Petition dismissed
Opinion delivered and filed October 6, 2010
Do not publish
[OT06]

---

means 'now for then,' . . . may be used only to correct clerical errors in which no judicial reasoning contributed to their entry, and for some reason were not entered of record at the proper time." *Bates v. State,* 889 S.W.2d 309, 309 (Tex. Crim. App. 1994); *see Pena,* 71 S.W.3d at 337 n.5. However, a "clerical" error in a judgment, despite the nomenclature, is not an error that a district clerk is able to correct; it is an error for the *trial court* to correct. *See, e.g., Ybarra,* 149 S.W.3d at 148-49 ("The appropriate remedy in this situation is to require Applicant to present the issue to the *trial court* by way of a nunc pro tunc motion, as Applicant alleges he has done in this case. If the *trial court* fails to respond, …") (emphasis added); *see also Collins v. State,* 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("This means that a *trial court* can fix a clerical error in the record, but only errors that were not the result of judicial reasoning are considered clerical errors that can be fixed by a nunc pro tunc order.") (emphasis added).