IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00351-CR

 

In
re Jeffrey Brooks

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

In this original proceeding, Relator
Jeffrey Brooks seeks mandamus relief against Respondent, the Honorable David R.
Lloyd, District Clerk of Johnson County.[1]  Brooks alleges that Mr. Lloyd has
failed to correct the appropriate credit for time served in Brooks’s underlying
criminal judgment in response to Brooks’s alleged filing of a motion for nunc
pro tunc.[2]

A court of appeals has no jurisdiction to issue a writ of mandamus
against a district clerk except to protect its jurisdiction.  See Tex. Gov’t Code Ann. § 22.221(b)
(Vernon 2004);
In re Bernard, 993
S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).  We do
not have jurisdiction to decide Brooks’s mandamus proceeding against Mr. Lloyd. 
We thus dismiss it for want of jurisdiction.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
dismissed

Opinion
delivered and filed October 6, 2010

Do
not publish

[OT06]









[1] Brooks’s “application”
for writ of mandamus has several procedural deficiencies.  It does not include
the certification required by Rule of Appellate Procedure 52.3(j).  See Tex. R. App. P. 52.3(j).  It also lacks
an appendix and a certified or sworn record, as required by Rules 52.3(k) and
52.7(a)(1).  See id. 52.3(k), 52.7(a)(1).  Because of our disposition
and to expedite it, we will implement Rule 2 and suspend these rules in this
proceeding only.  Id. 2.

 





[2] “[T]he proper mode of
correction” of “an inaccurate criminal judgment” is “a nunc pro tunc motion and
order.”  Ex parte Pena, 71 S.W.3d 336, 337 n.5 (Tex. Crim. App. 2002); see
Ex parte Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).  If the
trial court fails to correct it, relief is to be sought by mandamus in the
court of appeals.  Ybarra, 149 S.W.3d at 149.  “A judgment nunc pro
tunc, which literally means ‘now for then,’ . . . may be used only to correct
clerical errors in which no judicial reasoning contributed to their entry, and
for some reason were not entered of record at the proper time.”  Bates v.
State, 889 S.W.2d 309, 309 (Tex. Crim. App. 1994); see Pena, 71
S.W.3d at 337 n.5.  However, a “clerical” error in a judgment, despite the
nomenclature, is not an error that a district clerk is able to correct; it is
an error for the trial court to correct.  See, e.g., Ybarra,
149 S.W.3d at 148-49 (“The appropriate remedy in this situation is to require
Applicant to present the issue to the trial court by way of a nunc pro
tunc motion, as Applicant alleges he has done in this case.  If the trial
court fails to respond, …”) (emphasis added); see also Collins v. State,
240 S.W.3d 925, 928 (Tex. Crim. App. 2007) (“This means that a trial court
can fix a clerical error in the record, but only errors that were not the
result of judicial reasoning are considered clerical errors that can be fixed
by a nunc pro tunc order.”) (emphasis added).