

# In the Court of Criminal Appeals of Texas

No. PD-0427-24

ANDREW STEELE,

*Appellant*

v.

THE STATE OF TEXAS

On State's Petition for Discretionary Review
From the First Court of Appeals
Harris County

YEARY, J., filed concurring opinion.

As this Court acknowledged in *Speth v. State*, "[we] generally view our adversarial system as including three kinds of 'rights': (1) absolute systemic requirements and prohibitions that are nonwaivable, (2) rights of litigants that must be implemented unless expressly

waived, and (3) rights that must be insisted upon at trial or nothing is presented for review." 6 S.W.3d 530, 533 n.5 (Tex. Crim. App. 1999) (citing *Marin v. State*, 851 S.W.2d 275, 278–80 (Tex. Crim. App.1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 265 (Tex. Crim. App. 1997)). Accordingly, the very first step in our analysis ought to be to ask which kind of "right" is at issue. *See Burg v. State*, 592 S.W.3d 444, 453 (Tex. Crim. App. 2020) (Keasler, J., concurring) (criticizing the Court for refusing "to couch its conclusion in *Marin*'s lexicon"). Curiously, though, the Court today does not express its conclusion in the lexicon of *Marin v. State*.[1] For that reason, I can only concur with the majority's result.

The general rule is that an appealing party must raise a complaint at trial before it can be raised on appeal. TEX. R. APP. P. 33.1(a)(1)(A). In other words, most rights are forfeited by inaction. *Marin*, 851 S.W.2d at 278. Only "systemic requirements and

---

[1] Perhaps this is because *Speth* likewise failed "to couch its conclusion in *Marin*'s lexicon." *Burg v. State*, 592 S.W.3d 444, 453 (Tex. Crim. App. 2020) (Keasler, J., concurring). In *Speth*, it is not entirely clear whether the Court categorized the right as *Marin* category two or three. *See Speth v. State*, 6 S.W.3d 530, 534–35 & n.11 (Tex. Crim. App. 1999) (discussing an "affirmative waiver" but also distinguishing a case because it did not deal with procedural default). But the notion that the right might be *Marin* category two is problematic because a waiver is not usually sufficient "unless it amounts to the 'intentional relinquishment or abandonment of a *known* right or privilege.'" *Marin*, 851 S.W.2d at 279 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)) (emphasis added). Although *Speth* seems to imply that simply entering a contract amounts to an affirmative waiver, surely there are instances in which one accepts the imposition of a condition without an awareness of a particular right or privilege. Under those circumstances, it can hardly be said that the waiver is sufficient. This problem, coupled with the lack of clarity as to which *Marin* category was even at issue in *Speth*, counsels against relying on *Speth* too heavily to decide this case.

prohibitions" (*Marin* category one), and rights that are "so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection" (*Marin* category two), are not subject to ordinary principles of procedural default. *Id.* at 278–79.

To be free of a $100 payment that *might* not be related to the rehabilitation of a defendant can hardly be said to be a right that is "systemic" or "fundamental to the proper functioning of our adjudicatory process."[2] And the fact that such a payment *might* be prohibited by mandatory language does not automatically render it *Marin* category one or two. *Trinidad v. State*, 312 S.W.3d 23, 29 (Tex. Crim. App. 2010). In the absence of an objection, the record may not even reveal whether the condition that the trial court judge imposed was prohibited. This is starkly different than, for example, an illegal sentence, which does not require a contemporaneous objection. *Mizell v. State*, 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2003) (en banc). When an illegal sentence is imposed, it amounts to a patent defect that a court of appeals can readily recognize and easily cure. *See e.g.*, *Ex parte Pena*, 71 S.W.3d 336, n.2 (Tex. Crim. App. 2002) ("[H]ad the jury assessed . . . a $20,000 fine, that sentence would be void and illegal because Texas statutes only permit a maximum of a $10,000 fine."). Here, though, the potential illegality of the probation condition is far from obvious, especially because it depends

---

[2] It is entirely possible that this condition might, in fact, relate to the rehabilitation of the defendant. But, without an objection and dialogue on the record as to why the condition is or is not related, it is difficult to imagine how a reviewing court can reach a determination on the merits. *See Proenza v. State*, 541 S.W.3d 786, 811–16 (Tex. Crim. App. 2017) (Keller, P.J., dissenting) (explaining that trial judges ought to have the opportunity to address and cure potential complaints).

upon whether it "personally relates to the rehabilitation of the defendant." TEX. CODE CRIM. PROC. art. 42A.651(a)(3).[3] Thus, the right at issue here, in my view, is properly categorized as *Marin* category three—forfeited if not exercised.[4]

I agree with the majority's bottom line—Appellant cannot complain for the first time on appeal about the condition requiring him to pay $100 to a women's shelter. But, because the majority does not explicitly utilize *Marin*'s lexicon, and, like *Speth*, seems to treat the right

---

[3] Perhaps, if Appellant had objected to the $100 payment condition, the record might reflect whether it was, or was not, "personally relat[ed] to the rehabilitation of the defendant." Had Appellant objected, the trial court might have explained its reasons for imposing the payment as a condition of Appellant's community supervision in this case. But because Appellant did not object, and instead affirmatively agreed to that payment when he signed the conditions of his community supervision, there is no record development on the question. As it is, we are not well positioned on direct appeal to answer the question presented by the requirement established in Article 42A.651(a)(3).

[4] To be clear, I do not mean to suggest that defendants are without any recourse if they otherwise "accidently," or on account of ineffective assistance of counsel, accept a condition of probation that turns out to be prohibited; indeed, the Legislature imposes certain prohibitions for a reason, and those prohibitions are not to be casually cast aside. To that end, absent a contemporaneous objection that would allow a defendant to raise the issue on appeal, a defendant might be entitled to attack the potentially prohibited condition through a claim made in an application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.072 ("Sec. 1. This article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."); *see also Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (noting that habeas corpus is the appropriate avenue for affording relief when the record on direct appeal would not reveal the problem).

as though it should be considered to fall within *Marin* category two,[5] I can only concur with its result. *See Burg*, 592 S.W.3d at 453 (Keasler, J., concurring) (observing that a refusal to utilize *Marin*'s explicit framework "needlessly confuses our jurisprudence").

**FILED:**                                          December 18, 2024
**PUBLISH**

---

[5] *See* Majority Opinion at 8 ("Consequently, he has *waived* his complaint.") (emphasis added).